## FLORIDA HILL ROAD CORPORATION *v.* COMMISSIONER OF AGRICULTURE AND NATURAL RESOURCES OF THE STATE OF CONNECTICUT

HOUSE, C. J., SHAPIRO, LOISELLE, MACDONALD and BOGDANSKI, Js.

Argued January 2—decided February 21, 1973

*Frank W. Murphy,* with whom, on the brief, was *Abraham D. Slavitt,* for the appellant (plaintiff).

*Brian E. O'Neill,* assistant attorney general, with whom, on the brief, were *Robert K. Killian,* attorney general, and *James J. Grady,* assistant attorney general, for the appellee (defendant).

HOUSE, C. J. The decisive question on this appeal is whether § 51-29 of the General Statutes[1] is applicable to proceedings before a state trial referee. By its relevant terms the statute limits the time within which a judgment must be rendered by "[a]ny judge of the superior court or the court of common pleas" but makes no reference to judgments rendered by state trial referees. The plaintiff, however, contends that the provisions of the statute are, nevertheless, applicable to them.

The appeal to this court arose out of an appeal from the assessment of damages in a condemnation case brought to the Superior Court in Fairfield County. Pursuant to § 48-10 of the General Statutes, the court, on March 17, 1970, referred the matter to a state trial referee for adjudication. The case was tried by the referee on June 9, 1970, and "informally opened" on August 8, 1970, at which time, by correspondence and over the objection of the defendant, an exhibit which had been marked as one for identification was admitted as a full exhibit. The referee announced his decision and rendered judgment on November 13, 1970. On November 18,

---

[1] "[General Statutes] Sec. 51-29. CONTINUANCE OF TRIAL AFTER EXPIRATION OF TERM OR SESSION IN COMMON PLEAS AND SUPERIOR COURTS. RENDERING OF JUDGMENT IN CIRCUIT COURT. Any judge of the superior court or the court of common pleas, who has commenced the trial of any civil cause, shall have power to continue such trial and render judgment after the expiration of the term or session of the court at which such trial was commenced; but such trial shall be ended and judgment rendered therein before the close of the next term or session. In the circuit court, judgment shall be rendered within ninety days after the completion of a civil trial."

1970, the plaintiff filed in the Superior Court motions to "re-open" and to vacate the judgment, claiming that it was "erroneous, null and void" because it was "not rendered before the close of the next term or session of the court after the trial of this matter as specified by Section 51-29." From the denial of these motions the plaintiff has taken this appeal. The only assignment of error pressed by the plaintiff is that the court erred in concluding that the requirements of § 51-29 are not applicable to judgments rendered by a state trial referee.

It is well settled that despite the use of the phrase "term or session," properly interpreted, § 51-29 requires that a judge of the Superior Court or the Court of Common Pleas who has commenced the trial of a civil case must decide it before the end of the session of the court next succeeding the session at which it was commenced and any decision rendered after that time is erroneous unless there is a waiver or consent by the parties. *Bogaert* v. *Zoning Board of Appeals,* 162 Conn. 532, 536, 294 A.2d 573; *Hurlbutt* v. *Hatheway,* 139 Conn. 258, 263, 93 A.2d 161; *Spelke* v. *Shaw,* 117 Conn. 639, 644, 169 A. 787. While the parties have also briefed and argued the effect of the action during August of the referee in admitting as a full exhibit an exhibit which had been admitted as one for identification during the hearing of the case, it is unnecessary to base our decision on such a narrow and technical ground. Rather, we conclude that a state trial referee is not a "judge of the superior court or the court of common pleas" but is sui generis, sits as a special tribunal, and is not restricted by the terms of § 51-29.

Each of our state constitutions has contained an express provision prohibiting a judge from con-

tinuing to hold his office after he has arrived at the age of seventy years. The constitutions of 1818 (art. 5, § 3) and 1955 (art. 5, § 8) provided that "[n]o judge or justice of the peace shall be capable of holding his office, after he shall arrive at the age of seventy years." The constitution of 1965, in article fifth, § 6, retained the same restriction but changed the word "capable" to "eligible" and added the following significant provision: "[E]xcept that a chief justice or judge of the supreme court, a judge of the superior court, or a judge of the court of common pleas, who has attained the age of seventy years and has become a state referee may exercise, as shall be prescribd by law, the powers of the superior court or court of common pleas on matters referred to him as a state referee."

The plaintiff concedes, as indeed it must, that in light of the constitutional prohibition against any judge holding his office after he has attained the age of seventy years, when a judge attains that age and becomes a state referee, "it is clear that as a constitutional matter he is not a judge of the superior court." The plaintiff contends, nevertheless, that since "as a matter of statute, the trial referee exercises the same powers as the Superior Court, and the same jurisdiction, . . . [he] thus is bound by the provisions of Section 51-29." With this contention we cannot agree. Not only is such a construction of the statute not in accord with "the commonly approved usage of the language"; General Statutes § 1-1; but the legislative history of the office of state trial referee does not support such a conclusion.

It is to be noted that there presently exist three categories of state referees. (1) General Statutes §§ 51-50a—51-50g provide that a judge may retire

at age sixty-five or after twenty-five years of judicial service and *until* he attains the age of seventy be assigned by the chief court administrator to perform in the court from which he has retired such judicial duties as he is willing to undertake and while so assigned "[h]e may be required to perform any duty which might be required of a justice or judge of the court to which he is designated and assigned. Such justice or judge shall have all the powers of a judge of the court to which he is designated and assigned." § 51-50d. Section 51-50c also provides: "(e) No retired chief justice or judge who has not arrived at the age of seventy shall perform judicial duties except when so designated and assigned except as a state referee in the manner prescribed by law." Section 51-50f further provides that a retired judge acting as a state referee *after* attaining the age of seventy years "shall have the power of a judge of the superior court or court of common pleas on matters referred to him from such court." (2) Section 52-434 as it read at the time of the judgment in this case[2] provided that each judge of the Supreme, Superior and Common Pleas Courts who ceases or has ceased to hold office because of retirement for reasons other than disability "shall be a state referee during the remainder of his life." (3) The same section provides that the chief justice "may designate as trial referees, from among the state referees, those to whom

[2] By Public Act No. 720, enacted at the 1971 session, § 52-434 was amended by the General Assembly to provide that retired judges of the Circuit Court should also become state referees on their retirement. Undoubtedly because these judges are not included within the constitutional exception in Article V, § 6, of the 1965 constitution, they have not been granted authority to exercise the powers of the Circuit Court on matters referred to them but are limited to hearing referred cases and reporting the facts to the court by which the case was referred.

cases may be referred, and no case of an adversary nature shall be referred to any referee other than one so designated." Section 52-434a further provides that in addition to the powers granted to state referees by § 52-434, a Supreme, Superior or Common Pleas Court judge "who has ceased to hold office as justice or judge because of having retired and who has become a state referee and has been designated as a trial referee by the chief justice of the supreme court shall have and may exercise, with respect to any civil matter referred by the superior court or the court of common pleas, the same powers and jurisdiction as does the referring court."

In the present matter, the case was tried and judgment rendered by a state trial referee who belongs within the third category—a justice of the Supreme Court who became a referee when he retired at age seventy and was designated as a trial referee by the chief justice. We limit our decision to a consideration of the status of such a state trial referee in that category and conclude that while acting in that capacity such a state trial referee is not a judge of the Superior Court and not limited by the provisions of § 51-29 of the General Statutes.

It appears that the position of state referee was first created by the General Assembly in 1889, when retiring Chief Justice John D. Park was appointed a state referee to hear and report the facts of any case referred to him. Public Acts 1889, c. 249, § 1. Various other individuals were appointed referees by public and special act, in the years following, but it was not until 1919 that the General Assembly generalized the office. Public Acts 1919, chapter 296, § 22, provided that each Supreme and Superior Court judge on attaining the age of seventy years

should be a state referee and when appointed might "hear and report cases to the superior court." In 1921, referees were authorized to hold hearings in county courthouses, have a sheriff in attendance, subpoena witnesses, tax costs "in the same manner as similar costs are taxed by the judges of the superior court" and punish for any act of contempt committed in their presence while engaged in such hearings "in the same manner and to the same extent as judges of the superior court." Public Acts 1921, c. 23. It is significant in determining whether a referee is a "judge of the superior court" as that term is used in § 51-29 that § 52-434 retained the same language from 1921 authorizing referees to tax costs and punish for contempt "in the same manner" and "to the same extent as judges of the superior court." It seems clear that even before the added provisions of the 1965 constitution became effective and while no judge was constitutionally "capable" of continuing to hold his office after attaining the age of seventy years, a state referee holding a hearing was recognized as a special tribunal, even then authorized to exercise some of the powers of the referring court and to exercise certain authority "to the same extent" as judges of the Superior Court.

Other statutes recognize the unique status of state referees vis-a-vis judges of the Superior Court. Section 51-62 provides that "[w]henever a judge of the superior court sitting in chambers or a state referee deems it necessary, such judge or referee may call upon the official court reporter" for services and "[s]uch judge or referee shall have and may exercise all the powers conferred by law upon a judge of the superior court when sitting as a court, with respect to transcripts of the official records of such court reporter." Section 9-346

authorizes "[a]ny state referee, any judge of the superior court or any judge of the circuit court" to conduct an inquiry relating to violation of the corrupt practices act and provides that "[s]uch referee or judge" may issue a capias for the production of a witness. Similarly, § 54-47 provides that the Superior Court may order an investigation into the commission of crime to be conducted "before any judge of said court or a state referee designated by it."

There are other factors which mark the jurisdiction and hearings of state trial referees as those of a separate and distinct tribunal. They have no criminal or original jurisdiction, being restricted to civil matters referred to them by a court with the written consent of the parties or their attorneys (§ 52-434) unless otherwise specially provided as in eminent domain cases. See § 48-12. Their successive appointments by the chief justice are limited to a term of not more than one year. § 52-434. They do not sit by specified terms or sessions but hear cases by special assignments. Many of these cases are long and complicated and the hearings continue over an extended period. The less formal and more elastic method of their hearings is in contrast with the more rigid requirements which must obtain in a regular, continuous, daily trial in court. They serve the very practical purpose of relieving the court's crowded dockets of matters which can be more readily and conveniently tried in that manner. *Housing Authority* v. *Pezenik,* 137 Conn. 442, 445, 78 A.2d 546. The duties of state trial referees are also usually less rigorous than those of trial judges and are entirely consistent with the constitutionally mandated retirement age for judges which "rests upon a public belief that there comes a time in the life of a man when it is better for the

public interest that he be not charged with the responsibility of continuous and daily work of so complete absorption as the high judicial office calls for." *Todd* v. *Bradley,* 97 Conn. 563, 569, 117 A. 808.

It is also significant that the antecedent statute to what is now § 51-29 was first adopted as chapter 3 of the Public Acts of 1879 and, as now, applied to judgments of judges of the Superior Court and the Court of Common Pleas. We have already noted that the office of state referee was not created until 1889 so the 1879 reference to judges could not possibly have been intended by the General Assembly to include state referees. Also, significantly, despite the increased powers and jurisdiction accorded to state referees over the intervening years, now including the power to render judgments, the General Assembly, undoubtedly in recognition of their unique services and special functions, has not changed what is now § 51-29 to include state trial referees within its terms. This is in understandable and sharp contrast to the legislative action in including judges of the Circuit Court within the requirements of § 51-29 by the very same legislative act which created that court. Public Acts 1959, No. 28, § 80.

We conclude that the trial court correctly decided that the provisions of § 51-29 of the General Statutes do not apply to judgments rendered by a state trial referee and that it was not in error in denying the plaintiff's motions to open and to set aside the judgment in this case.

There is no error.

In this opinion the other judges concurred.