This action was instituted to claim damages resulting from a defective condition in the basement of a home purchased by the plaintiffs from the defendant. Pursuant to 52-434 of the General Statutes, upon a written stipulation of the parties, the court referred the matter to a state trial referee of the Circuit Court on April 22, 1974, to hear the case and report the facts to the court. On September 25, 1974, that report was made and filed in court on October 3, 1974. That report was accepted on June 4, 1975, and judgment rendered forthwith. On June 17, 1975, the defendant filed motions to "re-open" and to vacate the judgment, claiming that it was "erroneous, null and void" because it was "not rendered before the close of the next term or session of the court after the trial of this matter as specified by Section 51-29." From the denial of those motions, the defendant has appealed.
The decisive issue presented on this appeal is whether 51-29 of the General Statutes[1] is applicable to proceedings before a state trial referee. It *Page 561 
should be pointed out that at the time of the reference, the referee was a retired judge of the Circuit Court.
That identical issue was examined in great detail, both from a legislative and historical perspective, in the case of Florida Hill Road Corporation v. Commissioner of Agriculture,164 Conn. 360, 362, where the court concluded "that a state trial referee is not a `judge of the superior court or the court of common pleas' but is sui generis, sits as a special tribunal, and is not restricted by the terms of 51-29." In the Florida Hill Road case, the court was concerned with the action of a retired Supreme Court judge, who had the authority to render judgment. In the present case we are dealing with the action of a retired Circuit Court judge, who is not empowered to render judgment but can merely hear the case and report the facts. A hearing before a state referee as a committee, who, as such, is not authorized to exercise the powers of the court, can in no sense be considered the commencement of a trial before a judge of the Superior Court or the Court of Common Pleas within the meaning of Connecticut General Statutes 51-29. we see no merit in the claim of the defendant that the court erred in denying its motions to "re-open" judgment and vacate the judgment.
 There is no error.
PARSKEY, D. SHEA, and SPONZO, Js., participated in this decision.