The issues before the court are (1) whether the defendant's objections to the acceptance of the attorney trial referee's report should be granted; and (2) whether the plaintiff's motion for judgment should be granted.
It is found that the defendant's objections should be overruled and the plaintiff's motion for judgment should be granted.
On September 7, 1990, the plaintiff, Pacific Sun, Inc. (hereafter "Pacific,") filed a breach of contract claim against the defendant, Pasquale's Quality Food, Inc. (hereafter "Pasquale's.") The plaintiff alleges that the defendant has breached a purchase agreement it made with the plaintiff by failing to pay an outstanding balance of $36,712 owed to the plaintiff for goods shipped to the defendant in July, 1990. The plaintiff further alleges that to date only $4,000 has been received from the defendant as payment for said goods and the defendant refused to pay the remaining balance after the plaintiff made a demand for payment in August, 1990.
On March 5, 1991, the defendant filed its Answer, Special Defenses and Counterclaim No. 110. Therein, the defendant asserts six special defenses which are as follows: (1) breach of implied warranty of fitness pursuant to General Statutes42a-2-315; (2) rejection of nonconforming goods pursuant to General Statutes 42a-2-601(c); (3) plaintiff's failure to accept rejected goods in accordance with General Statutes 42a-2-603 et seq.; (4) accord and satisfaction; (5) plaintiff's fraudulent alternation of the defendant's payment check, constituting a discharge of obligation pursuant to General Statutes 42a-3-407; and (6) plaintiff's violation of General Statutes 33-412(a), which requires a foreign corporation to obtain a certificate of authority to transact business in Connecticut. The defendant also alleges in a six count counterclaim four violation so CUTPA, General Statutes 42-110a
et seq., and two claims for punitive damages pursuant to General Statutes 52-564 and 52-565, respectively.
On May 16, 1991, the plaintiff closed the pleadings by filing its reply to the defendant's Answer, Special Defenses and Counterclaim. Thereafter, on September 10, 1991, Attorney Trial Referee, David Ertman, presided over a trial of the parties' dispute. The attorney trial referee's report of findings was issued on January CT Page 11065 10, 1992, and in response to a motion to correct filed by the defendant on January 23, 1992, the attorney trial referee issued his corrected report of findings on April 30, 1992. The corrected report includes the following findings:
 5. Communications between the plaintiff and defendant resulted in and constituted and agreement for the defendant to purchase from the plaintiff a quantity of Contadina brand pizza sauce for an agreed total price of $40,712.
6. The plaintiff shipped the goods as agreed by the parties.
 7. The defendant returned to the plaintiff one or more of the sample cans with complaints. After further negotiation a reduced price was agreed upon for the previously agreed quantity.
 8. The parties agreed to the reduced price only upon immediate full payment.
 10. Only $4,000 of the total (about $24,000) checks sent by the defendant to the plaintiff as payment were honored and paid to the plaintiff. As a result, under the custom in trade, the price reverted to original agreed price of $40,712.
 10-A. In breach of the parties' agreement, the defendant sent plaintiff a $4,000 check with the notation "Paid In Full." The plaintiff deleted that notation and credited the defendant for a payment on account.
 11. The transaction in issue here was the only Connecticut transaction undertaken by the plaintiff, and the plaintiff was therefore not required to seek or obtain authority to operate under Connecticut General Statutes 33-412(a).
 12. Despite demand, the defendant has failed to pay the plaintiff anything more that the $4,000 partial payment.
 14. The defendant has failed to prove any and all of its special defenses and counterclaims.
(See Corrected Report of Finding No. 125.)
Based upon the foregoing factual findings, the attorney trial referee concluded that judgment should enter in favor of the CT Page 11066 plaintiff to recover damages in the amount of $36,712 plus interest and costs. (Corrected Report of Findings No. 125, p. 4.) The defendant filed timely exceptions and objections to the acceptance of the corrected report on May 19, 1992. A motion for judgment filed by the plaintiff on January 17, 1992 is also pending.
A party may properly file objections to the acceptance of a referee's report in two instances: (1) where the conclusions reached by the referee were not consistent with the underlying findings of fact, or (2) where the referee erred in rulings made during the trial. Practice Book 440 (1990); Gargano v. Heyman, 203 Conn. 616,619, n. 3 525 A.2d 1343 (1987); Kowalsky Properties, Inc. v. Sherwin-Williams Co., 7 Conn. App. 136, 140, 580 A.2d 43
(1986). In the present case, the defendant raises two objections to the attorney referee's corrected report: (1) the corrected to fails to state any conclusions based on the facts found, and (2) the referee erred by refusing to grant the defendant's motion for continuance.
The defendant failed to file a memorandum in support of its objections, and therefore the court may rely upon the issues raised at oral argument on July 17, 1992. With regard to the defendant' first objection, the defendant claims that the attorney trial referee erred by declining to conclude that the check for $4,000 sent by the defendant to the plaintiff was materially altered when the plaintiff crossed out a notation stating "Paid In Full" on the check. The defendant contends that the undisputed evidence taken at trial establishes that the plaintiff crossed out the notation and, as a matter of saw, such action constitutes a "substantial change" that discharges the defendant from any further liability on the underlying debt. The defendant further contends that since the attorney trial referee specifically found that the plaintiff deleted the notation "Paid In full," the attorney trial referee should have concluded that the defendant is not liable and recommended judgment in favor of the defendant.
Attorney trial referees assume the role of fact-finders. Seal Audio, Inc. v. Bozak, Inc., 199 Conn. 496, 506, 808 A.2d 415
(1986); Rostenberg-Doern Co. v. Weiner, 17 Conn. App. 294,299, 552 A.2d 827 (1989). Thus, although they may express their opinions on questions of saw, attorney trial referees have no power to render judgment and the reviewing court is not bound by their legal conclusions. Seal Audio, Inc. v. Bozak, Inc., supra, 506.
It is noted that since the conclusion of the attorney trial referee CT Page 11067 recommending judgment in favor of the plaintiff is a legal one, the court must review the factual findings of the referee's corrected report and determine whether they support the referee's conclusion that judgment should enter in favor of the plaintiff. Id. The trial transcript demonstrates that the attorney trial referee heard testimony from Gary Wetter, the plaintiff's president, admitting that the plaintiff's financial controller, Dan Wagoner, scratched out the "Paid In Full" notation on the defendant's payment check of $4,000 before negotiating the check with the bank. (Wee Transcript, p. 53, Cross-examination of Gary Wetter.) The transcript also reveals that Mr. Wetter admitted he was not given authority by the defendant to alter the endorsement.
The defendant's fourth special defense asserts that the plaintiff's acceptance and endorsement of the defendant's check constitutes an acknowledgment by the plaintiff that the defendant had fully satisfied its debt and such acknowledgment discharges the defendant from any further liability. The defendant's fifth special defense asserts further that the plaintiff's alteration of the check constitutes fraud and acts as a discharge from any further liability pursuant to General Statutes 42a-3-407 .
Section 42a-3-407 states in relevant part:
 (a)"Alternation" means (1) an unauthorized change in an instrument that purports to modify in any respect the obligation of a party, or (ii) an unauthorized addition of words or numbers or other chance to an incomplete instrument relating to the obligation of a party.
 (b) Except as provided in subsection (c), an alteration fraudulently made discharges a party whose obligation is affected by the alteration unless that party assents or is precluded from asserting the alteration. No other alteration discharges a party, and the instrument may be enforced according to its original terms.
 (c) A payor bank or drawee paying a fraudulently altered instrument or a person taking it for value, in good faith and without notice of the alteration, may enforce rights with respect to the instrument (i) according to its original terms, or (ii) in the case of an incomplete instrument altered by unauthorized completion, according to its terms as completed.
(Emphasis added.) CT Page 11068
No Connecticut cases have been found that discusses the applicability of 42a-407 or interpret its meaning. However, reference to federal law and treatises indicates that the purpose of the "material alteration" rule is to protect makers of negotiable instruments from forgeries of other fraudulent alterations which have the effect of increasing the marker's legal obligation beyond that which the instrument was intended to fulfill. See C.J.S., Bills and Notes, 486, 1064-65, and cases cited therein, n. 45. Thus, "a material alteration of a negotiable instrument by a party or privy without the assent of all parties liable thereon vitiates the instrument, so as to constitute a defense to liability on such instrument." Id. (Emphasis added.)
In the present case, however, the defendant has raised material alteration as a special defense to the plaintiff's breach of contract action. (See Defendant's Fifth Special Defense.) It is clear that the plaintiff's alteration of the check, although discharging the defendant's obligation thereunder, has no bearing on the plaintiff's right to seek legal recourse via a breach of contract claim based upon the defendant's independent contractual obligation to pay for goods received. Thus, it is found that the defendant improperly raises material alteration in the present case, as the check has already been negotiated and the plaintiff is not suing to enforce the check itself, but rather to recover monies owned in excess of the face value of the defendant's partial payment.
In its fourth special defense, the defendant asserts accord and satisfaction by contending that the defendant's check marked "Paid In Full" was intended to acknowledge full satisfaction of any debts owed to the plaintiff. The defendant pleads that since the plaintiff endorsed the instrument, the plaintiff is bound by the terms upon which it was tendered and the defendant is released from further liability. It is true that "[u]pon acceptance of the offer of accord, the creditor's receipt of the promised payment thereto, if the contract of accord is supported by consideration." (Emphasis added.) County Fire Door Corporation v. C. F. Wooding Co., 202 Conn. 277, 281, 520 A.2d 1028 (1987). "Such a contract is often initiated by the debtor, who offers an accord by tendering a check as `payment in full' . . . [i]f the creditor knowingly cashes such a check . . . the creditor is deemed to have assented to the offer of accord." (Emphasis added.) Id.
It is clear, however, that the foregoing principles apply only where the accord "settles a monetary claim that is unliquidated in CT Page 11069 amount," or, in other words, "`[w]here it is admitted that one of two specific sums is due, but there is a dispute as to which is the proper amount. . . .'" Id., 282. It is noted that in the present case, the attorney trial referee heard testimony to the effect that the value of the goods received was about $26,000 at the reduced price and $40,000 at the original contract price. (Wee Transcript, pp. 63-65.) It is therefore found that because the defendant's claimed "offer of accord" did not settle "a monetary claim that is unliquidated in amount," the attorney trial referee correctly concluded as a factual finding that "a balance of $36,712 is due from . . . [the defendant] to . . . [the plaintiff]." (Transcript, Finding 12, p. 3.)
It is clear that in light of the above discussion, the defendant's objections are overruled and, accordingly, judgment is entered in favor of the plaintiff.