MARY W. GRAY ET ALS., APPEAL FROM STREET COMMISSIONERS.

First Judicial District, Hartford, October Term, 1907.
BALDWIN, C. J., HAMERSLEY, HALL, PRENTICE and THAYER, Js.

A committee, in hearing an appeal from an assessment of benefits and damages on account of the layout of a city street, must necessarily pass upon all questions of law and fact which are essential to determine whether there is cause for a reapportionment; and therefore his report can be set aside only for erroneous rulings prejudicial to the appellants.

A remonstrance to such report which fails to show erroneous rulings upon matters of law is insufficient and demurrable.

Whether the land over which a street is formally laid out was already a highway by dedication and acceptance, is a question of fact.

A conclusion of fact from subordinate and evidential facts will not be disturbed on appeal, unless it is so illogical and unsound as to be unwarranted by law.

The report of a committee will not be set aside or recommitted merely for harmless errors or for improper findings of immaterial facts.

In cases tried to a committee, the only questions of fact which the court has to determine are those raised by the remonstrance to the committee's report.

Argued October 1st—decided October 22d, 1907.

APPEAL from an assessment of damages and benefits, arising from the layout of a highway in the city of Hartford, taken to the *Hon. John Coats*, judge of the Court of Common Pleas for Hartford County, and referred to a

committee who found and reported the facts; the report was accepted, a remonstrance thereto overruled, and judgment rendered confirming the assessment made by the board of street commissioners, from which the appellants appealed. *No error.*

*Daniel A. Markham* and *Alexander Arnott*, for the appellants (Mary W. Gray *et al.*).

*Arthur L. Shipman*, for the appellee (City of Hartford).

*Edward L. Smith*, for the appellee (John S. Hunter).

THAYER, J. The first six assignments of error question the correctness of the action of *Judge Coats* in overruling the remonstrance of the appellants and accepting the report of the committee. They may be considered together.

A short street about 450 feet in length, extending westerly from Sisson Avenue to Evergreen Avenue, was laid out by the city of Hartford. John S. Hunter owned the land over which the westerly 165 feet of the street was laid, and also the adjoining land on both sides. The appellants owned land abutting on the street farther east. The board of street commissioners, to whom the matter of the appraisal of damages and assessment of benefits resulting from the layout was referred, found that Hunter and no other person was damaged by the layout, and appraised his damages at $1,200. They found that the appellants and no other persons were benefited by the layout, and assessed their benefits at $4.465 per front foot. The amount thus assessed as benefits against the appellants is just equal to the sum at which Hunter's damages were appraised. It was agreed on the hearing before the committee, that at the time the street was laid out there existed a highway by dedication over the entire course of the layout east of Hunter's land to Sisson Avenue; and it was claimed by the appellants, but denied by the appellees, that such highway by dedication also existed over the

Hunter land to Evergreen Avenue in the line of the layout, and consequently that Hunter received no damage, and the appellants no benefit, from the layout of the street. It is not claimed on this appeal that the appraisal and assessment appealed from were improper, if no highway existed over the Hunter land at the time of the layout.

In paragraph 54 of his report, the committee finds that the Hunter land which is included in the layout of the street had never been dedicated to or accepted by the public, that the appraisement of damages and assessment of benefits were equitable and just, and that the appellants were not aggrieved thereby. This is a finding directly against the appellants' contention. The only ground of remonstrance to this paragraph of the report was that the statements therein are an attempted application of the law to the entire facts of the case. It was made the duty of the committee, by the charter of the city of Hartford under which he was appointed and acted, to hear the appeal, and, if he should find cause to alter the appraisal or assessment, to reapportion the whole amount of damages and benefits. This involved a determination by the committee of all questions of law and fact raised by the appeal essential to finding whether there was cause for a reapportionment. The report, therefore, could not be set aside merely because he had made such rulings upon questions of law, but only in case of improper rulings. This ground of remonstrance was insufficient and demurrable, therefore, because it failed to show that the committee's ruling was erroneous, if it was a conclusion of law. But we think it was a finding of fact. Questions of dedication and acceptance are questions of fact. *Hartford* v. *New York & N. E. R. Co.*, 59 Conn. 250, 254, 22 Atl. 37.

It is now urged, although the question was not raised by the remonstrance, that if it is a question of fact it is a conclusion from other subordinate and evidential facts found by the committee, and that the conclusion is not warranted by those facts. Many facts were found by the committee which doubtless tend to show a dedication and acceptance;

but we cannot, from the facts thus found, say that the conclusion drawn by the committee was so illogical and unsound as to be unwarranted by law.

Other grounds of remonstrance attacked particular paragraphs of the committee's finding, some on the ground that the facts found did not pertain to any issue in the case, and others on the ground that they were found without evidence or were contrary to the evidence. The remonstrance did not show that the appellants were harmed, or the committee's conclusion affected, by the impertinent paragraphs, nor point out in what manner, if at all, the other findings complained of harmed them. It is the purpose of a remonstrance to point out errors in the rulings or conduct of the committee which are harmful to the remonstrant, and to do this in such manner that an issue of law or fact may be joined thereon in the same manner as in other pleadings. A report will not be set aside or recommitted because of a mere harmless error or improper finding of an immaterial fact. The trial judge was right, therefore, in overruling the remonstrance.

The appellants, after judgment, requested the judge to make a finding of facts upon the issues tried before the committee and evidential thereto, and presented a draft. finding as required in cases where the trial is to the court. Rules of Court, p. 92, § 7. The request was refused, and such refusal is made the ground of the seventh and only remaining assignment of error. In cases where the trial is to a committee, the court will not find facts either from evidential facts found by the committee or from testimony taken before the committee. *Miller* v. *Welles*, 23 Conn. 21, 34; *Goodman* v. *Jones*, 26 id. 264, 267; *Staples' Appeal*, 52 id. 425, 427. The only facts to be found by the court in such a case are those proven upon issues raised on the remonstrance and tried to the court.

There is no error.

In this opinion the other judges concurred.