NATALE DiFRANCESCO (SHERMAN CONSTRUCTION COMPANY, INCORPORATED) *vs.* MARY H. MOOMJIAN ET AL.

Third Judicial District, Bridgeport, October Term, 1928.

WHEELER, C. J., MALTBIE, HAINES, HINMAN and BANKS, JS.

Argued October 24th—decided December 18th, 1928.

*Charles S. Hamilton,* for the appellant (defendant Mary H. Moomjian).

*Benjamin F. Goldman,* with whom, on the brief, was *James A. Morcaldi,* for the appellee (plaintiff).

HAINES, J. This litigation arose from a claim made by the plaintiff for money alleged to be due him for work and materials furnished and expenditures made in the erection of certain buildings and incidental work under a written contract. This contract provided that the plaintiff Construction Company, for the consideration of $15,000, would build and erect five stores and a garage on land belonging to the defendant Mary H. Moomjian at the corner of Whitney and Central avenues in Hamden, except plumbing and tinning, and also to build a wall in the rear. It was further agreed by that contract that certain work called for by the plans and specifications be omitted and certain extra work be done as specified and listed, and for this the defendants were to pay the additional sum of $1,500. Provision was also made in that contract that the plaintiff should furnish a man or men to do alteration

work and finishing on a house which stood on the land, which house was to be moved to 24 Harmon Street in Hamden, and the plaintiff was to be paid for expenditures for the stock and time involved. For $991.40 of this a note was given to the plaintiff. This note was the basis of an action brought to the Court of Common Pleas, but the amount is included in the claims made in the present suit. There was a charge for further extra work on the Harmon Street property which was the basis of another action in the Court of Common Pleas. At the request of the defendant John B. Moomjian, acting as agent for Mary H. Moomjian, the plaintiff procured certain other extra work to be done on both the Harmon Street and Whitney Avenue properties, amounting to $2,128.40. The claims made in the present action, including the $16,500 expressly stipulated in the written contract, amounted to $19,-619.80. Cash payments and allowances totaled $16,-564.33, leaving the balance claimed herein by the plaintiff $3,055.47. The Superior Court entered a judgment in favor of the plaintiff for this sum, together with interest amounting to $519.40, a total of $3,574.87. It is from this judgment that the appeal is taken.

The assignments of error raise but one essential issue, viz.: whether the court erred in accepting the report of the committee and rendering the above judgment upon it.

The record shows that this report was filed February 3d, 1928, and on April 25th, 1928, written "objections" and argument in support of them were filed by the present counsel for the defendants who had not acted as counsel in the case at the trial. This was met by a counter-argument by the plaintiff entitled as an "Answer to objections of defendant" which also appears of record. Moreover, the complaint in the present action, in addition to the claim for compensation for

work and expenditures, contained several paragraphs alleging the giving of certain notes by the defendants to the plaintiff during the progress of the work and an abortive attempt to issue a mortgage for their security, and a claim was made that the court require the execution and the foreclosure of this mortgage, that possession of the property be given the plaintiff and a receiver be appointed to collect the rents, and for further equitable relief. In addition to all these matters, the record further discloses that certain alleged mechanic's liens had been filed and these were the subject of actions brought in the Court of Common Pleas. It is apparent that the committee endeavored to bring some order out of this inexcusable confusion, and to that end embodied in his report to the court the entire history of the transactions between the parties, including the details involved in the actions in the Court of Common Pleas, suggesting in his report that the actions be combined in the Superior Court. The suggestion was not adopted by the Superior Court, but the report was accepted and the facts bearing upon the present action as they appear in the report, were made the basis of the judgment rendered.

Of the five assignments of error, the first four relate to the action of the court in overruling the defendants' "objections" to the report, and the fifth is too general to merit consideration. The "objections" themselves were improperly filed, for they were not filed within the time required by our rules, and they were not in proper form. Practice Book, p. 266, §102; *Liefeld* v. *Coffin,* 103 Conn. 279, 130 Atl. 576.

Under our rules of procedure a definite and detailed method for contesting the acceptance of a committee report is provided. It should be in the form of a remonstrance and filed within twenty days after the filing of the report. The defendants' paper was filed

nearly twelve weeks after the report was filed. But four grounds of remonstrance are permitted: (a) that the report contains a material fact found without evidence or omits to find a material or undisputed fact, (b) that it does not contain all the facts proven or rulings made which are necessary to enable the remonstrant to properly present his claim or to enable the court to render judgment upon the issues, (c) that it should not be accepted for reasons apparent upon its face, specifying them, and (d) that a ruling by or the conduct of the committee was contrary to law, harmful and material, specifying. Practice Book, p. 266, §102.

In the interests of orderly procedure these rules should be strictly observed. Notwithstanding the irregularity, the court allowed the objections to be filed and then permitted the plaintiff to "answer," and in consequence we shall consider the rulings made by the court and the claims made thereto.

Reading the record with attention, it appears that the entire basis of the contentions made against the report was the inclusion of facts applying to the cases in the Court of Common Pleas as well as those applying to the case here considered, and the committee's recommendation that the Court of Common Pleas cases be combined in the Superior Court action. The refusal of the latter court to permit an amendment looking to this end, disposes of the second objection to the report. It is probable that had the committee not been desirous of providing for a consolidation of the cases, some of the facts which were found would not have appeared in this report to the Superior Court. Much of the material, however, was justifiably included as a finding of subordinate facts which the committee apparently thought necessary or desirable

to explain the ultimate facts found. Practice Book, p. 264, §98.

The record discloses nothing which conflicts with the defendants' rights in the present case, and nothing erroneous has been pointed out. The most that can be made of the defendants' claim is that the report contains some facts which are not relevant to the issues in the present case. While that may be true, it does not render the report invalid or insufficient as a basis for the judgment which was rendered. *Gray's Appeal,* 80 Conn. 248, 251, 67 Atl. 891; *Perkins* v. *Colebrook,* 68 Conn. 113, 121, 35 Atl. 772; *Scutt* v. *Southbury,* 55 Conn. 405, 409, 11 Atl. 854.

It does not appear that any fact necessary to a judgment in this case was omitted from the report, or improperly found. The only suggestion of this character in the defendants' objections, is the claim that the committee did not find the amount due on the notes. We have already indicated that the injection of the notes into the present complaint was at least unnecessary, since the gist of the action was the recovery for work done and expenditures made. For the determination of this issue there were sufficient facts to be found in the report.

The court reached the same conclusion and obviously was satisfied that a just determination of this case did not require that the report be recommitted, and in this we concur. The judgment was properly pronounced upon the report. Practice Book, p. 267, §104; *Patterson* v. *Kellogg,* 53 Conn. 38, 40, 41, 22 Atl. 1096; *Gray's Appeal,* 80 Conn. 248, 251, 67 Atl. 291.

There is no error.

In this opinion the other judges concurred.