HARBOR CONSTRUCTION CORPORATION *v.* D. V. FRIONE
AND COMPANY, INC.

HARTFORD ACCIDENT AND INDEMNITY COMPANY *v.*
D. V. FRIONE AND COMPANY, INC.

KING, C. J., ALCORN, HOUSE, THIM and RYAN, Js.

Argued February 6—decided March 4, 1969

*Anthony I. Wells,* for the appellant (defendant) in each case.

*Howard F. Zoarski,* for the appellee (plaintiff) in each case.

HOUSE, J.   This is a combined appeal from two judgments of the Superior Court rendered following the acceptance of a referee's report.  The cases arose out of a contract for the construction of a portion of the Taconic Parkway in the state of New York.  The defendant was a general contractor with whom the plaintiff construction company subcontracted for the construction of thirteen bridge structures.  The plaintiff insurance company furnished a perform- ance and labor and material bond to cover the work which the plaintiff construction company was to per- form for the defendant.   At the conclusion of the work, the plaintiffs contended that a balance was due on the contract, and these actions were instituted to recover the sum claimed to be still due.   After the pleadings were closed, the cases were referred to a state referee.   Prior to any hearing before him, the parties agreed that the defendant still owed a balance of $45,525.92 for the major items in dispute, and only three disputed items remained to be con- sidered by the referee.   After the hearing on these

items, the referee filed his report on June 15, 1967. The defendant properly filed a motion to correct the report by including in it a finding of facts, relevant, however, only to three special defenses. On June 29, 1967, the referee, in response to the motion to correct, filed an amendment to his report, which, as corrected, found the defendant's total indebtedness to be $53,593.53, with interest on that amount from April 23, 1965.

Thereafter there arose procedural problems of the type which so frequently have arisen in referred cases prior to the adoption of the new state constitution in 1965. Article fifth, § 6, as implemented by statute,[1] now authorizes a retired judge sitting as a referee to exercise on matters referred to him the powers of the referring court. Since these cases were referred prior to the statutory implementation of the change in the constitution, the powers of the referee in these cases were limited to a finding of facts. *Northeastern Gas Transmission Co.* v. *Tersana Acres, Inc.,* 144 Conn. 509, 512, 134 A.2d 253; *Martin Tire & Rubber Co.* v. *Kelley Tire & Rubber Co.,* 101 Conn. 534, 541, 126 A. 697. This involved the cumbersome procedure—now no longer necessary—of a report by the referee to the referring court for judgment.

Since a primary assignment of error on this appeal relates to procedural rulings by the referee and the trial court, a detailed review of the procedural steps taken is essential to an understanding of this aspect of the cases. As we have noted, the referee's amendment to his report was filed with the Superior Court on June 29, 1967. The defendant thereafter prepared a request for a finding of subordinate facts, including a statement of the facts and claims

---

[1] General Statutes §§ 51-50f, 52-434, 52-434a.

which it desired to have incorporated in the referee's report. The record discloses that this request was mailed directly to the referee and received by him on July 18, 1967. No copy was filed with the clerk of the court until October 13, 1967. On July 31, 1967, the plaintiffs filed with the clerk their objections to the request for a finding. They objected to the defendant's request on the ground that it had not been filed prior to the report of the referee, was not in accordance with § 355 of the Practice Book, was not filed timely, stated no grounds for the subordinate facts requested, and made no suitable reference to any testimony. To these objections, the defendant, on August 24, 1967, filed a response, pleading that it had a right to the finding although it had made no request for it prior to the filing of the report. On September 1, 1967, the referee filed a memorandum of decision on the defendant's request for a finding. In his memorandum, the referee noted that his report had been filed on June 15, 1967, that his amendment to the report had been filed on June 29, 1967, and that the defendant's request for a finding had not been filed in the clerk's office but had been mailed directly to him and received by him on July 18, 1967. The referee sustained the plaintiffs' objections to the request for a finding of subordinate facts and denied the request on the ground that it had not been filed with him prior to the filing of his report. Thereafter, on October 13, 1967, the plaintiffs moved for judgment in accordance with the finding of the referee. On the same day, the defendant filed an objection to the acceptance of the referee's report, claiming that the referee's conclusions could not properly be reached on such subordinate facts as appeared of record, that the referee erred in denying its request for a finding of subordinate facts, that

the referee's conclusions were not supported by the evidence and that the referee's award of interest was not within the order of the reference to hear the evidence and report the facts to the court. The court overruled the objections of the defendant, accepted the referee's report as amended and rendered judgments thereon, from which the defendant has taken these appeals.

The procedural rules which governed this reference are contained in chapter 15 of the Practice Book. They apply alike to references to committees and to referees. Practice Book § 349. Section 354, pertaining to the contents of a referee's report, provides that the report "should ordinarily state only the ultimate facts found; but if the committee has reason to believe that his conclusions as to such facts from subordinate facts will be questioned, he may also state the subordinate facts found proven." Section 355 provides that either party to a reference may request the referee to make a finding of subordinate facts or of his rulings, and of the claims made, and shall include in or annex to such request a statement of the facts, or rulings, or claims he desires to have incorporated in the report. Although § 355 does not expressly specify at what point in the proceedings such a request should be filed, this court has stated that the rule "presupposes" that the referee shall be informed before filing his report of the desire of a party to have his claims of law stated. *Alishausky* v. *MacDonald,* 117 Conn. 138, 140, 167 A. 96. The same presupposition applies to the desire of a party that the report state the subordinate facts proven. Certainly if a party has decided prior to the filing of the report that he intends to file such a request, the advantages of such a timely filing, accompanied by a draft finding, are obvious.

Neither the circumstance that the defendant mailed its request for a finding of subordinate facts directly to the referee nor the circumstance that it did not make the request before the report was filed nor the circumstance that the referee refused to grant the request thus presented to him, however, precluded the defendant from obtaining any proper additions to or corrections of the report. Formerly, such additions and corrections were procured by means of a remonstrance. Practice Book, 1934, § 173; *State* v. *Giant's Neck Land & Improvement Co.,* 118 Conn. 350, 355, 172 A. 861. The procedure was revised in the 1951 Practice Book (§§ 171–175) and is now governed by §§ 358–361 of the 1963 Practice Book. Section 358 provides that, if either party desires to have a report or finding corrected by adding further facts, he shall *"within two weeks* after the filing of the report or finding file with the court a motion to correct setting forth the changes and additions desired by him." (Emphasis added.) Upon the filing of such a motion with the court, it is provided that the file then be returned to the referee for consideration of the motion to correct and that as soon as practicable the referee shall file with the court the motion to correct, together with his decision thereon. See *Garofalo* v. *Argraves,* 147 Conn. 685, 687, 166 A.2d 158; *National Folding Box Co.* v. *New Haven,* 146 Conn. 578, 581, 582, 153 A.2d 420; *State* v. *Giant's Neck Land & Improvement Co.,* supra, 355; see also *Stocking* v. *Ives,* 156 Conn. 70, 72 n., 238 A.2d 421. Section 359 provides that, should the referee fail to correct the report or finding in compliance with a motion to correct, the moving party may, within ten days after the referee's decision on the motion to correct, file exceptions seeking corrections by the court.

The memorandum of decision filed by the trial court in accepting the report of the referee noted that no motion to correct the report in the manner then sought by the defendant was filed by it "within two weeks" after the filing on June 29, 1967, of the referee's amended report or after the denial by the referee of the defendant's request for a finding of subordinate facts. It was for this reason that the trial court refused to sustain such of the defendant's objections to the acceptance of the referee's report as were predicated on the absence from the report of the subordinate facts which the defendant wished to have included in it. We cannot say that under the circumstances the trial court was in error in this ruling.

The defendant further assigns as error the conclusion of the trial court that the referee could properly reach the conclusion he did that the defendant was liable for the portion of the plaintiffs' claim in the amount of $7317.61 for Sika Plastiment, which was added to the concrete in the course of the construction of the bridges. If the defendant had properly filed a motion to correct the report in accordance with Practice Book § 358 and the referee had refused to make proper corrections, the defendant would have been entitled to file its exceptions with the court accompanied by a transcript of the evidence taken before the referee. Practice Book § 359; *Garofalo* v. *Argraves,* supra. "The court does not consider exceptions to a report unless the subject matter thereof has been submitted to the author of the report in a proper motion to correct. Practice Book § 359. The . . . [defendant has] completely ignored the established procedure and chosen, instead, to file an objection to the report and a motion for a hearing thereon. Consequently, no proper

foundation for an attack on the report was laid." *Saraceno* v. *Capitol Theatre Realty Corporation,* 154 Conn. 669, 673, 228 A.2d 507. The referee in strict accordance with Practice Book § 354 found the "ultimate facts," by which "is meant those ultimate conclusions of fact which will enter immediately into and be determining elements in the judgment of the court." *Cohn* v. *Hartford,* 130 Conn. 699, 706, 37 A.2d 237. The facts found and the conclusions reached in the report are adequate to support the judgments.

The remaining assignment of error attacks the conclusion of the court that the referee could properly decide, as he did, that interest on the amount found due the plaintiffs should be computed from April 23, 1965. The defendant expressly disclaims any objection to the date fixed by the referee but asserts that whether interest is due on the amount owed is a question of law for the court and not a question of fact for the referee. The reference to the referee was for a finding of facts relating to the issues raised by the pleadings. One of these was the amount of damages in the event that the referee found liability on the part of the defendant. The referee found liability and the amount of the debt due the plaintiffs. Interest is a proper element of damages for the unlawful detention of a sum due. *Campbell* v. *Rockefeller,* 134 Conn. 585, 592, 59 A.2d 524; *Cleary* v. *Estate of White,* 134 Conn. 367, 369, 58 A.2d 1; see General Statutes § 37-3. We cannot hold that the referee exceeded the bounds of the reference in determining the question of the allowance of interest on the debt found to be due.

In its brief, the defendant has claimed for the first time that interest should not be included as an element of damages in these cases because any debt

owed by it to the plaintiffs had been garnisheed by process of foreign attachment pursuant to General Statutes § 52-329. Since it does not appear that this claim was ever raised in the proceedings before the referee or in the trial court or that any ruling on it was assigned as error on this appeal, we cannot now consider it. *Whewell* v. *Ives,* 155 Conn. 602, 609, 236 A.2d 92.

There is no error in either case.

In this opinion the other judges concurred.