In June, 1972, Walter and Mary Jackiw, hereinafter referred to as the plaintiffs, instituted an action against Louise M. and Michael J. Nocera and claimed that the Noceras had appropriated certain land on the rear or westerly boundary of their property and were using that property as a driveway. These plaintiffs sought monetary damages as well as an injunction ordering the Noceras to remove the driveway and to cease from trespassing on their land.
In November, 1972, Louise M. and Michael J. Nocera, hereinafter referred to as the defendants, instituted an action against Walter and Mary Jackiw and claimed that they had either title to the strip of land in question or an easement over it. They sought an injunction preventing Walter and Mary Jackiw from trespassing over that land or from interfering with their use of the driveway. *Page 774 
By stipulation of the parties both actions were consolidated[1] and referred to a referee who was to hear the facts and report his findings to the court. Pursuant to 354 of the Practice Book the referee filed his report in which he found that "there is no proof that the plaintiff had absolute title" to the disputed piece of land. The referee concluded that the plaintiffs had failed to prove by a preponderance of the evidence their title to the strip of land in question. He, therefore, recommended that judgment be rendered against the complaints in each action. The plaintiffs did not move to correct the report or the finding as provided by 358 of the Practice Book. If such a motion to correct is not filed there is no proper foundation for an attack on the report. Harbor Construction Corporation v. D. V. Frione Co., 158 Conn. 14.
The plaintiffs filed a motion to reject the recommendation of the state referee and that motion properly was denied by the court. Section 363 of the Practice Book provides that "[t]he court shall render such judgment as the law requires upon the facts in the report as it may be corrected." That section also provides that if the court finds that the committee has materially erred or that there are other sufficient reasons why the report should not be accepted "the court shall reject the report and refer the matter to the same or another committee for a new trial or revoke the reference and leave the case to be disposed of in court."
The court accepted the referee's report without any correction and then proceeded to render judgment which was inconsistent with the referee's *Page 775 
finding of facts and conclusion. The referee concluded from the facts found that none of the parties should prevail since they had not proven their allegations, namely, title to the disputed land. The court erred in rendering judgment in favor of Louise M. and Michael J. Nocera on their complaint against Walter and Mary Jackiw but was correct in rendering judgment for the defendants on the complaint of Walter and Mary Jackiw.
Although the plaintiffs have filed several assignments of error, a determination of the above issue is dispositive of this appeal.
 There is error and the case is remanded with direction to render judgment in favor of Walter and Mary Jackiw, the defendants, in the action of Louise M. and Michael J. Nocera against Walter and Mary Jackiw.
SPEZIALE, PARSKEY and SPONZO, Js., participated in this decision.