KOWALSKY PROPERTIES, INC. *v.* THE
SHERWIN-WILLIAMS COMPANY
(3941)

HULL, SPALLONE and BIELUCH, Js.

Argued February 13—decision released April 22, 1986

*Peter M. Nolin,* for the appellant (defendant).

*Ernest L. Josem,* for the appellee (plaintiff).

SPALLONE, J. The defendant is appealing from the judgment rendered by the trial court upon the court's acceptance of the report of the attorney referee.

The defendant, The Sherwin-Williams Company, entered into a lease with the plaintiff, Kowalsky Properties, Inc., for premises located in a shopping center. The premises were utilized by the defendant for the sale of paint and related products. The base rent for the premises was $18,054 per annum. The lease contained a provision that required the defendant to make an increased rental payment, based upon a percentage, when its annual "retail sales" exceeded $200,000. The lease also provided that, regardless of the extent to which the annual sales exceeded $200,000, the maximum rent due in any given year could not exceed $22,317.50. Thus, in any lease year, the additional rent due could not exceed $4263.50. At the time of trial, it was stipulated by the parties that in the event additional rent was due, the amount would be $42,635, representing the maximum of $4263.50 for each of the ten years of the lease, plus interest.

The matter was referred to an attorney referee who conducted a hearing on March 27, 1984. The defendant's final brief was filed on May 22, 1984. The referee filed his report in the form of a memorandum of decision dated July 23, 1984. In his report, he found that the gross sales in each year of the lease were in actuality "retail sales" and, based on the stipulation of the parties, he found that the sum of $42,635, plus interest, was due the plaintiff from the defendant.

On November 27, 1984, the plaintiff filed a motion for judgment in accordance with the "Memorandum of Decision of Trial Referee Robert A. Epstein dated July 23, 1984." On December 5, 1984, the defendant objected to the trial court's rendering of judgment in accordance with the referee's decision alleging solely that the judgment would be untimely because it would be rendered more than 120 days from the completion of the hearing. The defendant based this claim on General Statutes § 51-183b.[1]

On January 25, 1985, the trial court granted the plaintiff's motion and rendered judgment that the plaintiff recover from the defendant the sum of $42,635, plus interest. In essence, the defendant's first three claims of error challenge the attorney referee's conclusion that all of the defendant's sales were retail sales and subjected it to an assessment of additional rent. His fourth claim is that the trial court erred in rendering a judgment on the attorney referee's memorandum which was filed more than 120 days after the completion of the hearing before him.

[1] General Statutes § 51-183b provides: "Any judge of the superior court and any state trial referee who has the power to render judgment, who has commenced the trial of any civil cause, shall have power to continue such trial and shall render judgment not later than one hundred and twenty days from the completion date of the trial of such civil cause. The parties may waive the provisions of this section."

We are limited in our review of the defendant's first three claims because attorney referees do not have the power to render judgments. The Connecticut constitution, article fifth, § 6, as implemented by General Statutes §§ 51-504, 52-434 and 52-434a, now authorizes a retired judge sitting as a referee to exercise the powers of the referring court on matters referred to him. *Harbor Construction Corporation* v. *D.V. Frione & Co.,* 158 Conn. 14, 16, 255 A.2d 823 (1969). No such power has been vested in attorney referees either by the provisions of our constitution or by statute. Proceedings before attorney referees are governed by procedures set forth in Practice Book §§ 434 through 444. *Ruhl* v. *Fairfield,* 5 Conn. App. 104, 105–106, 496 A.2d 994 (1985). Upon the filing of the referee's report, the defendant did not file a motion to correct the findings as provided in § 438 of the Practice Book. Instead, the defendant filed a general objection to the trial court's "Entry of Judgment in Accordance with Trial Referee's Decision" alleging that the decision was untimely because it was filed with the court more than 120 days from the completion of the hearing.

What the parties intended by the use of the term "retail sales"[2] in their agreement is a question of fact

---

[2] The parties' agreement provides in part: "Once each year, within sixty (60) days after the anniversary of the commencement of the term of this lease, the Tenant shall deliver to the Landlord a statement of retail sales made at the herein demised premises during the preceding lease year, said retail sales to be classified and *defined as sales at retail prices to the counter trade.*

"Retail sales shall not include any sales, use, excise, luxury, or similar taxes, or credits for returned or replaced merchandise, adjustments or commissions, advertising allowances, samples, gifts or prizes, or interdepartmental transfers; but gross sales shall include the dollar amount of all goods, wares, merchandise and services sold at the herein demised premises and not herein specifically excluded, regardless of the terms of payment therefore.

"Accompanying said statement of gross sales made at the herein demised premises, the Tenant shall tender payment, if any shall be due, of a sum,

solely within the province of the trier. Where the parties contend for different meanings, the resolution of the disputed issue by the trier is the ultimate manifestation of his function. The parties, here, presented conflicting testimony as to their understanding of the term. Where the evidence is in conflict, its probative force is for the trier. *Robert Lawrence Associates, Inc.* v. *Del Vecchio,* 178 Conn. 1, 14, 420 A.2d 1142 (1979); *Parish of St. Andrew's Church* v. *Zoning Board of Appeals,* 155 Conn. 350, 359, 232 A.2d 916 (1967). Having filed no motion to correct any of the facts or to add further facts to those found by the attorney referee, the defendant has severely restricted its right to attack the subordinate factual findings in the report. See *Harbor Construction Corporation* v. *D.V. Frione & Co.,* supra, 20–21. Absent such a motion and a subsequent exception to the report, the trial court, in ruling on the objection, was limited to determining whether the subordinate facts were sufficient to support the ultimate factual conclusions. Practice Book § 440. This court is limited to considering whether the "facts found and the conclusions reached in the report are adequate to support the judgments." Id.; *Ruhl* v. *Fairfield,* supra, 106. We conclude that they are.

The defendant's remaining claim of error is without merit. The time limitations of General Statutes § 51-183b only apply to judges and "any state trial referee who has the power to render judgments." We have ruled above that attorney trial referees do not have the power to render judgments. Consequently, they are exempt from the 120 day time restraint. It is significant to note that in *Florida Hill Road Corporation* v.

---

consisting of 5% of such retail sales made at the demised premises in excess of two-hundred thousand dollars ($200,000.00). The Tenant shall keep and preserve in the demised premises for a period of one year complete and accurate records of sales, and the Landlord shall have the right to audit such records at Landlord's expense during Tenant's regular business hours." (Emphasis added.)

*Commissioner of Agriculture,* 164 Conn. 360, 368, 321 A.2d 856 (1973), our Supreme Court ruled that the time limitation for the rendering of judgments provided in General Statutes § 51-129 (now § 51-183b) did not apply to trial referees even though they had the power to render judgment. The statute under consideration in *Florida Hill Road Corporation* made no reference to judgments rendered by state trial referees. Subsequently, the legislature added language which expressly applied the time limitation to "any state trial referees who had the power to render judgment." Public Acts 1983, No. 83-295. That legislation does not, however, refer to trial referees who did not have the power to render judgment. If the legislature had wished to do so, they could have included the latter category of trial referees within the time limitations of the statute.

Having held that attorney referees are not bound to file their report within 120 days of the hearing before them, we must now address the question of whether the trial judge must render judgment within 120 days from the completion of the hearing. Obviously, there can be no such requirement. Practice Book § 442 outlines the procedures that must be followed in order that judgment be rendered on the attorney referee's report. The section expressly provides that, "[a]fter . . . the filing of the report . . . either party may, without written motion, claim the case for the short calendar for judgment on the report . . . ." It is evident that a condition precedent to the rendering of judgment is a short calendar claim. The filing of such claim for the short calendar is the obligation of "either party" and their failure to make such claim within 120 days of the hearing cannot, in logic and reason, preclude the court from rendering judgment after such 120 days have passed. Section 442 of the Practice Book does not provide a time limitation within which the parties must file a claim for judgment. The section does require that

the court, after a hearing and upon its decision as to matters raised in the claim for short calendar, may forthwith direct judgment to be rendered. This action by the court, however, can only be taken subsequent to a short calendar claim. We hold that there is no requirement that the court must render judgment within 120 days of the completion of the trial hearing before the attorney referee.

We hold, therefore, that both the attorney referee and the trial court acted in accordance with the law.

There is no error.

In this opinion the other judges concurred.