BLESSINGS CORPORATION *v.* CAROLTON CHRONIC
AND CONVALESCENT HOSPITAL, INC.
(4335)

HULL, SPALLONE and BIELUCH, Js.

Argued April 2—decision released May 13, 1986

*John F. Fallon,* for the appellant (defendant).

*Frank H. Cathcart,* for the appellee (plaintiff).

SPALLONE, J. The defendant is appealing from the judgment of the trial court rendered in favor of the plaintiff upon the court's acceptance of the report of the attorney referee.

The plaintiff, Blessings Corporation, doing business as General Diaper Service, delivered its diaper goods and services to the defendant, Carolton Chronic and

Convalescent Hospital, Inc., over a period of years. Beginning in June, 1978, the plaintiff delivered diapers to the defendant each weekday. Upon delivery, the plaintiff would present the defendant with a three part delivery slip which indicated the quantity delivered and the payment due. The defendant's employee customarily signed the delivery slip and retained one copy. At the close of each working day, the plaintiff's driver returned the two remaining copies of the delivery slip to the plaintiff's office. The plaintiff's office manager or its general manager compiled the slips on a weekly basis, and transferred the information from the slips onto ledger cards. The ledger cards contained columns for the insertion of the date of delivery, amount of delivery, charges, credits and debits. The delivery slip did not show credits or debits. The plaintiff's customers, including the defendant, were billed on the basis of the information contained on the ledger cards.

The plaintiff brought suit claiming that the defendant owed a large balance, which the defendant disputed. The case was referred to an attorney referee who, after a hearing, decided the issues in favor of the plaintiff and awarded it $13,662.44, plus costs. The court accepted the referee's report and rendered judgment in favor of the plaintiff in accordance with that report.

On appeal, the defendant challenges a ruling by the referee admitting certain evidence pursuant to General Statutes § 52-180 (a),[1] the business entry statute, and claims that the evidence submitted was insufficient to support the judgment in favor of the plaintiff.

[1] General Statutes § 52-180 (a) provides: "Any writing or record, whether in the form of an entry in a book or otherwise, made as a memorandum or record of any act, transaction, occurrence or event, shall be admissible as evidence of the act, transaction, occurrence or event, if the trial judge finds that it was made in the regular course of any business, and that it was the regular course of the business to make the writing or record at the time of the act, transaction, occurrence or event or within a reasonable time thereafter."

Proceedings before attorney trial referees are governed by procedures set forth in Practice Book §§ 434 through 444. The rules of practice provide specific procedures to be followed by a party who disputes the ultimate findings and rulings of the referee, including rulings upon the evidence.

"If either party desires to have the report or the finding corrected by striking out any of the facts found, or by adding further facts, or by stating the claims of the parties made before the committee, or by setting forth rulings upon evidence or other rulings of the committee, he shall within two weeks after the filing of the report or finding file with the court a motion to correct setting forth the changes and additions desired by him. He shall accompany the motion with a brief statement of the grounds of each correction asked, with suitable references to the testimony. . . ." Practice Book § 438. Thereafter, if the moving party is not satisfied with the action taken by the referee, he must file exceptions to the report seeking corrections by the court in the report or finding. Practice Book § 439.[2]

Here, the defendant completely ignored the procedural path set out in the rules of practice. He did not file the motion to correct called for in § 438. On appeal, he challenges the judgment of the superior court with-

[2] Practice Book § 439 provides: "If a committee fails to correct a report or finding in compliance with a motion to correct, the moving party may, within ten days after the decision on the motion to correct, file exceptions seeking corrections by the court in the report or finding. The court will not consider an exception unless its subject matter has been submitted to the committee in a motion to correct, provided that this requirement shall not apply to exceptions taken to corrections in the report or finding made after it was filed; nor will the court correct a finding of fact unless a material fact has been found without evidence or the committee has failed to find an admitted or undisputed fact, or has found a fact in such doubtful language that its real meaning does not appear. A party excepting on these grounds must file with his exceptions a transcript of the evidence taken before the committee, except such portions as the parties may stipulate to omit."

out having first made the appropriate challenge to the attorney referee's report. The motion to correct affords the referee the opportunity to make corrections if warranted, and filing exceptions seeking corrections by the court preserves the excepting party's rights in this regard. In order to facilitate a decision on the motion to correct, the moving party is required to set forth the changes and additions desired. A party's failure to conform to this procedure limits the reviewing court to determining whether the subordinate facts found by the attorney referee were sufficient to support the referee's ultimate factual conclusions. *Harbor Construction Corporation* v. *D. V. Frione & Co.,* 158 Conn. 14, 20–21, 255 A.2d 823 (1970); *Kowalsky Properties, Inc.* v. *Sherwin-Williams Company,* 7 Conn. App. 136, 140, 508 A.2d 43 (1986); *Ruhl* v. *Fairfield,* 5 Conn. App. 104, 106, 496 A.2d 994 (1985). The referee, in his memorandum of decision, makes findings of fact to support his ruling that the requirements of the business entry statute were met, and we conclude that these facts were sufficient to support his ultimate conclusion.

The defendant's second claim of error is without merit.

There is no error.

In this opinion the other judges concurred.