### KEVIN A. COLES, EXECUTOR (ESTATE OF MARY E. BAKER) *v.* JOHN M. BAKER
### (4172)

DUPONT, C. J., BORDEN, and DALY, Js.

Argued April 8—decision released June 10, 1986

*Kevin A. Coles,* with whom, on the brief, was *Thomas W. Witherington,* for the appellants (plaintiffs).

*Robert R. Petrucelli,* for the appellee (defendant).

PER CURIAM. The plaintiffs[1] initiated this action claiming that the defendant wrongfully converted assets belonging to the decedent's estate. From a judgment rendered in favor of the defendant pursuant to the report and findings of an attorney trial referee, the plaintiffs have appealed.

The referee made a detailed finding in a memorandum of decision and concluded that the decedent, Mary E. Baker, had made a completed inter vivos gift of

[1] The executor of the estate was joined by the decedent's brother, Rudy Baker, who became an intervening plaintiff.

funds to the defendant. The plaintiffs challenge the judgment on the basis of the referee's findings and conclusions.

With respect to the various claims of error relating to the merits of the referee's factual findings, as well as the judgment rendered by the trial court on the basis of those findings, the plaintiffs are precluded from full appellate review by their failure to file a motion to correct the report of the referee, pursuant to Practice Book § 438, or their failure to file an objection to acceptance thereof, pursuant to Practice Book § 440. Because the plaintiff filed no such motion or objection, and because the facts found and the conclusions reached by the referee are adequate to support the judgment, the judgment must stand. *Blessings Corporation* v. *Carolton Chronic & Convalescent Hospital, Inc.*, 7 Conn. App. 364, 367, 508 A.2d 829 (1986); *Kowalsky Properties, Inc.* v. *Sherwin-Williams Co.*, 7 Conn. App. 136, 140, 508 A.2d 43 (1986).

Litigants cannot completely ignore established procedures designed for the protection of their rights, as these plaintiffs have done, and expect to be entitled to full appellate review. We, therefore, decline to review the judgment of the trial court. *Midland Ins. Co.* v. *Universal Technology, Inc.*, 199 Conn. 518, 521–22, 508 A.2d 427 (1986); *Seal Audio, Inc.* v. *Bozak, Inc.*, 199 Conn. 496, 498, 508 A.2d 415 (1986); *Harbor Construction Corporation* v. *D. V. Frione & Co.*, 158 Conn. 14, 20, 255 A.2d 823 (1969).

There is no error.