BEN ROSS ET AL. *v.* L. A. RENZULLI
(4135)

DUPONT, C. J., BORDEN and DALY, Js.

Argued September 16—decision released October 21, 1986

*John J. Darcy,* for the appellant (defendant).

*John F. Fallon,* with whom, on the brief, was *Samuel Febbraio,* for the appellees (plaintiffs).

DALY, J. This is an action for an accounting brought by former partners in a limited partnership to recover money owed to them under an agreement with another partner, the defendant, following the sale of the partnership assets. The agreement provided that the plaintiffs would receive one third of the profit on any such sale. The case was referred to an attorney trial referee pursuant to General Statutes § 52-434 (a) (4).

After trial, the referee filed a memorandum of decision, including a finding of facts, which awarded damages to the plaintiffs. This appeal concerns the disallowance of certain deductions taken by the defendant from the "profit" on the sale of the partnership assets. The referee's memorandum of opinion and findings of fact were subsequently corrected and amended

pursuant to motions filed by both the plaintiffs and the defendant, in accordance with Practice Book § 438. As a result, the defendant's debt to the plaintiffs was increased. The trial court rendered judgment accepting the referee's amended report. No objections or exceptions were filed by the defendant as provided by Practice Book § 440.

On appeal, the defendant challenges the following conclusion and finding of fact of the referee: (1) that General Statutes § 20-325a (b) prevented the defendant and his son from recovering commissions on the sale of the assets; and (2) that certain expenditures were for the "operation of" rather than for the "maintenance, improvement or sale of" the property, as required by the agreement. The defendant claims that this conclusion and this finding were incorrect. He asserts, therefore, that the disallowances based on them are improper.

Proceedings before attorney referees are governed by Practice Book §§ 434 through 444. We have characterized the effect of an appellant's failure to follow Practice Book §§ 440 and 441 as follows: "Having filed no motion to correct . . . the defendant has waived any right to attack the subordinate factual findings in the report." *Ruhl* v. *Fairfield,* 5 Conn. App. 104, 106, 496 A.2d 994 (1985); see also *Blessings Corporation* v. *Carolton Chronic & Convalescent Hospital, Inc.,* 7 Conn. App. 364, 367, 508 A.2d 829 (1986). While here the defendant filed a motion to correct the referee's report, he failed to file an objection to its acceptance by the trial court. Such a failure was deemed fatal in *Seal Audio, Inc.* v. *Bozak, Inc.,* 199 Conn. 496, 518, 508 A.2d 415 (1986), where the Supreme Court held that the defendant was "precluded from effective appellate review by its failure to file a motion to correct the report of the referee pursuant to Practice Book § 438 *or an objection to acceptance thereof pursuant to Prac-*

*tice Book § 440.*" (Emphasis added.) In *Jensen's, Inc.* v. *Killingworth,* 152 Conn. 237, 243, 206 A.2d 114 (1964), "[t]he defendants filed no exceptions to the acceptance of the report by the court in accordance with Practice Book [§ 440] and therefore the conclusion [had to] stand." "A litigant cannot wholly ignore established procedures for the protection of its rights, as this defendant has done, and hope to receive on appeal the same treatment accorded to those who follow the rules of practice." *Seal Audio, Inc.* v. *Bozak, Inc.,* supra.

The defendant and the plaintiffs timely filed motions to correct the referee's report. Such corrections were adopted by the referee in the amended report. The defendant failed, however, to object to the court's acceptance of the amended report which he now disputes on appeal. Thus, the defendant did not avail himself of the procedures provided by the Practice Book, and has therefore waived the right to attack the subordinate factual findings and conclusions of law of the referee's report. *Seal Audio, Inc.* v. *Bozak, Inc.,* supra; *Ruhl* v. *Fairfield,* supra. Absent an objection to the report, this court's review is limited "to determining whether the subordinate facts found by the attorney referee were sufficient to support the referee's ultimate factual conclusions." *Blessings Corporation* v. *Carolton Chronic & Convalescent Hospital, Inc.,* supra. We conclude that they are.

There is no error.

In this opinion the other judges concurred.