## J. M. Rosa Construction Company *v.*
## New Haven Redevelopment Agency et al.
## (3707)

Hull, Borden and Daly, Js.

Argued November 13, 1986—decision released January 20, 1987

*Louis I. Parley,* with whom, on the brief, was *Matthew J. Brady,* for the appellant (plaintiff).

*Alvin M. Murray,* for the appellees (defendants).

Daly, J. This is an appeal from a judgment rendered in an action by the plaintiff to recover liquidated dam-

ages withheld by the defendants[1] for work done in connection with the installation of sewer and storm drain piping in various locations in the city of New Haven. The plaintiff appeals from the judgment rendered in its favor on the first count for payment on two contracts, and for the defendants on the remaining counts which alleged that they had caused delay in the completion of the contracts, had failed to conform to the standards of fair dealing, in good faith and without malice, and had failed to interpret the contracts reasonably and properly. Judgment was rendered pursuant to an attorney state trial referee's finding and conclusions.

The referee found numerous facts. In July, 1971, Cahn Engineers, Inc., entered into a contract with the defendants to provide engineering services in connection with the installation of sewers on State Street in New Haven. Cahn prepared specifications for the job which stipulated that the sewer trench would be protected by "sheeting-in-place." Thereafter, the plaintiff submitted the lowest bid and was awarded the job. Work was to commence on May 31, 1973, and to be completed within 270 days. The contract between the plaintiff and the defendants provided for liquidated damages of $100 per day beyond the 270 day limit. A dispute arose and work stopped when the plaintiff, in an attempt to reduce his costs, refused to use the "sheeting-in-place" method of trench protection as required in the contract. Eventually, the parties reached a compromise and work resumed. The project was behind schedule, however, and final inspection did not take place until 873 days had elapsed from the date of the order to proceed. The plaintiff was paid $24,185, and the defendants retained $62,000 in liquidated damages for the 620 days beyond the contract limit taken to complete the job.

---

[1] The city of New Haven is a codefendant in this appeal.

The plaintiff was also the low bidder on a sewer pipe project on Dwight Street in New Haven. On that project, the plaintiff was to begin work on October 4, 1972, and to complete it within 365 days. Final inspection did not occur until November 10, 1975, 1122 days after the starting date. The defendants again withheld liquidated damages, this time in the amount of $41,600 after paying $33,891 to the plaintiff. Thereafter, the plaintiff instituted this suit to recover an alleged balance due on both the State Street and the Dwight Street jobs.

The trial referee concluded that the liquidated damages on the State Street job should have been limited to $57,500 and that, therefore, the plaintiff was entitled to $4500 plus interest. The referee also concluded that the plaintiff was not entitled to any additional compensation for the Dwight Street project since there were 437 unexcused delay days. The referee's report was filed on September 25, 1984.

On October 17, 1984, the plaintiff filed an objection to judgment being rendered on the report. On October 18, 1984, the defendants filed a motion requesting judgment on the report. Both motions were assigned for hearing on October 29, 1984. At that hearing, the plaintiff requested a continuance of the arguments so that the attorney who tried the case could argue the motions. The trial court denied the continuance, and overruled the plaintiff's objection because it was not timely filed. On the same day, the court accepted the referee's report and rendered judgment thereon.

The plaintiff claims the trial court erred (1) in refusing to grant a continuance, (2) in refusing to consider the plaintiff's objection to the referee's report, and (3) in rendering judgment on the referee's report. We find no error.

" 'A motion for continuance is addressed to the discretion of the trial court, and its ruling will not be overturned absent a showing of a clear abuse of that discretion.' . . . We are especially hesitant to find an abuse of discretion where the court has denied a motion for continuance made on the day of trial. . . . 'Every reasonable presumption in favor of the proper exercise of the trial court's discretion will be made.' " (Citations omitted.) *Thode* v. *Thode,* 190 Conn. 694, 697, 462 A.2d 4 (1983). Here, the plaintiff's objection to the acceptance of the referee's report was untimely filed. The motion for continuance was filed on October 29, 1984, the date scheduled for the hearing on the defendant's motion for judgment. Furthermore, Practice Book § 209 provides: "Matters upon the short calendar list requiring oral argument or counsel's presence shall not be continued except for good cause shown; and no such matter in which adverse parties are interested shall be continued unless the parties shall agree thereto before the day of the short calendar session and notify the clerk, who shall make note thereof on the list of the presiding judge; in the absence of such agreement, unless the court shall otherwise order, any counsel appearing may argue the matter and submit it for decision, or request that it be denied." In this case, no prior notice of an agreement to continue the matter was given to the clerk. The plaintiff has failed to present a substantial claim of prejudice arising from the absence of the attorney who tried the case. The trial court has as great an interest in expediting short calendar business as it does in expediting trials. We conclude that the trial court did not abuse its discretion in denying the plaintiff's motion to continue the matter.

The rules of practice require that objections to the acceptance of a referee's report be filed within two weeks of the filing of the report. Practice Book § 441. Clearly, the plaintiff did not comply with this rule since

his objection to the referee's report was filed three weeks after submission of the report. The defendants, on the other hand, availed themselves of Practice Book § 442, which provides authority for either party in a case to claim the case for judgment on the referee's report without written motion. Moreover, the Practice Book provides: *"If* exceptions or objections have been *seasonably filed,* the case should be claimed for . . . hearing thereon . . . . " (Emphasis added.) Practice Book § 442. Thus, a hearing is an option only if exceptions or objections have been seasonably filed. It has been frequently stated that "[i]n the interests of orderly procedure these rules should be strictly observed." *DiFrancesco* v. *Moomjian,* 108 Conn. 515, 519, 143 A. 900 (1928). Where no motion to correct the report was filed within two weeks after the filing of the report, the trial court was not in error in refusing to sustain the plaintiff's objections to the acceptance of the report. See *Harbor Construction Corporation* v. *D. V. Frione & Co.,* 158 Conn. 14, 20, 255 A.2d 823 (1969).

In the absence of a timely objection to the report, our review is strictly limited to " 'determining whether the subordinate facts found by the attorney referee were sufficient to support the referee's ultimate factual conclusions.' " *Ross* v. *Renzulli,* 9 Conn. App. 87, 90, 516 A.2d 149 (1986), quoting *Blessings Corporation* v. *Carolton Chronic & Convalescent Hospital, Inc.,* 7 Conn. App. 364, 367, 508 A.2d 829 (1986). We conclude that the referee's subordinate factual findings in this case sufficiently support the ultimate factual conclusions. The plaintiff's final claim of error is without merit.

There is no error.

In this opinion the other judges concurred.