## MORNING STAR HOLDING COMPANY *v.* KONSTANTINOS KOSTOPOULOS ET AL.
### (5569)

SPALLONE, DALY and O'CONNELL, Js.

Submitted on briefs September 14—decision released November 17, 1987

*Joseph Glass* filed a brief for the appellant (plaintiff).

*Michael A. Blanchard* filed a brief for the appellees (defendants).

O'CONNELL, J. The plaintiff, Morning Star Holding Company, a corporation involved in commercial and residential construction, instituted this action for foreclosure of a mechanic's lien against the defendants'

newly constructed house. The complaint alleged breach of contract and monies owed under the doctrine of quantum meruit. The defendants[1] counterclaimed, alleging breach of contract, faulty workmanship and breach of implied warranties.

The matter was heard by an attorney trial referee and judgment was rendered by the trial court in accordance with his findings of fact. Judgment was rendered for the plaintiff on the complaint in the amount of $9260.16, and for the defendants on the counterclaim in the amount of $11,525. The plaintiff appeals from the judgment for the defendant on the defendant's counterclaim.

Prior to the rendition of judgment, the plaintiff filed an objection to the referee's finding of facts, relating to the award of $6700 in damages for the replacement of the house's siding and $3500 for the replacement of its roof. The objection was untimely filed and was denied by the trial court. On appeal, the plaintiff claims the trial court erred (1) in accepting the referee's report over its objection, and (2) in awarding monetary damages for the replacement of the house's roof and siding. We find no error.

The plaintiff first claims error in the trial court's acceptance of the referee's report despite the plaintiff's objection. Practice Book § 441 provides in pertinent part that "[o]bjections to the acceptance of a report shall be filed within two weeks after the filing of the report or finding . . . ." The referee's finding in the present case was filed on August 20, 1986. The plaintiff's objection was not filed until September 12, 1986, nine days beyond the deadline established by § 441. While we note in passing that in light of § 441 the trial

---

[1] While New England Savings Bank is also named as a defendant as the holder of the mortgage on said premises, we will refer to the homeowners as the defendants.

court properly denied the plaintiff's objection to the acceptance of the referee's report, we need not address this claim of error, as the plaintiff has failed to brief this argument on appeal. " 'Assignments of error which are merely mentioned but not briefed beyond a statement of the claim will be deemed abandoned and will not be reviewed by this court.' " *Bowman* v. *1477 Central Avenue Apartments, Inc.,* 203 Conn. 246, 250 n.3, 524 A.2d 610 (1987), quoting *Hayes* v. *Smith,* 194 Conn. 52, 66 n.12, 480 A.2d 425 (1984); *Fullerton* v. *McGowan,* 6 Conn. App. 624, 625 n.1, 507 A.2d 473 (1986).

The plaintiff also challenges the trial court's award of damages for the replacement of the house's siding and roof. The plaintiff's failure to file a timely objection to the acceptance of the referee's finding also impacts upon the scope of our review of the remaining claim of error.

"In the absence of a timely objection to the report, our review is strictly limited to ' "determining whether the subordinate facts found by the attorney referee were sufficient to support the referee's ultimate factual conclusions." ' *Ross* v. *Renzulli,* 9 Conn. App. 87, 90, 516 A.2d 149 (1986), quoting *Blessings Corporation* v. *Carolton Chronic & Convalescent Hospital, Inc.,* 7 Conn. App. 364, 367, 508 A.2d 829 (1986)." *J. M. Rosa Construction Co.* v. *New Haven Redevelopment Agency,* 9 Conn. App. 481, 485, 519 A.2d 1227 (1987). We conclude that the facts are sufficient.

There is no error.

In this opinion the other judges concurred.