[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
ORDERS (#112 and #113)
After hearing held on plaintiffs' and defendants' objections to report of attorney trial referee, it is hereby Ordered: objections are overruled; for the following reasons:
The parties have failed to comply with applicable procedures for challenging the findings of an attorney trial referee. P.B., Sec. 438-440. Neither party filed a motion to correct in order to dispute factual aspects of the referee's report. P.B., Sec. 438. Instead, the parties have filed objections pursuant to Section 440 of the Practice Book. The effect is to leave the referee's findings of fact intact. Harbor Construction Corporations v. D.V. Frione Co., 158 Conn. 14, 20-21 (1969). In short, "[w]here a party desires to attack the findings of subordinate facts, he must file a motion to correct the report." Garofalo v. Argraves, 147 Conn. 685, 687 (1960). If he fails CT Page 2696 to do so, he has waived any right to attack such subordinate factual findings. Ruhl v. Fairfield, 5 Conn. App. 104, 106
(1985).
This court's role is limited to a determination of whether the subordinate facts support the ultimate factual conclusions. Kowalsky Properties, Inc. v. Sherwin-Williams Co., 7 Conn. App. 136,140 (1986). It is the court's conclusion that they do.
GAFFNEY, J.