[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
This action seeks the foreclosure of a mechanic's lien and damages. The plaintiff, Marcus A. Bordiere, d/b/a Bordiere Construction Company, alleges in his complaint that he furnished material and rendered services to the defendant, David DeFranco. The services were rendered pursuant to an oral contract. According to the contract, the plaintiff was to perform clearing and site work on premises owned by the defendant and located on Cana Court in Norwalk at an agreed price of $26,000. The plaintiff further alleges in an amended complaint dated September 18, 1996 that he commenced work on August 1, 1995 and stopped work on November 22, 1995; that he was paid $8,500;, and that he filed in a timely manner a mechanic's lien on the defendant's premises for the balance owed him.[1]
CT Page 11353
The defendant filed an answer generally denying the material allegations of the complaint, including the denial that he owed the plaintiff any money. The defendant also filed four special defenses. The first defense claims that the mechanic's lien was not filed in a timely manner, did not comply with the statute governing such liens and was otherwise void. In the second special defense, the defendant alleges that the plaintiff did not perform adequately his obligations under the contract with the defendant. In the third special defense, the defendant claims he is entitled to a "set-off" for the amounts he expended in remedying the breach of contract by the plaintiff. In the fourth defense, the defendant contends that the plaintiff damaged the defendant's neighbor's adjacent property and that the defendant is entitled to a set-off for the money he was obliged to spend in that regard.
The defendant also filed a counterclaim containing three counts. In the first count, the defendant alleges that the plaintiff breached the contract by refusing to adequately perform his obligations, and that the defendant was forced to hire other "providers" to complete the project. In the second count of the counterclaim, the defendant alleges that the plaintiff crossed the property line between the subject premises and the adjoining premises; negligently cut down various trees and bushes; and that the defendant was obliged to compensate his neighbor for the damage he suffered. In the third count, the defendant alleges that the plaintiff slandered his title and committed fraud and an abuse of process by claiming a mechanic's lien for $26,000, the full amount of the contract, without crediting the defendant for the $9,000 he claims he paid to the plaintiff on account.
This case was referred to Attorney Bernadette Coomaraswamy, an attorney trial referee, in accordance with General Statutes § 52-434(a) and Practice Book § 428 et seq. The referee conducted a trial and then submitted a report finding the following facts: (1) on or about July 21, 1995, the plaintiff and defendant reached an oral agreement regarding site work to be performed in connection with a new house the defendant was planning to construct; (2) the defendant terminated the plaintiff's employment on or about November 17, 1995, both by letter and by telephone, at which time the plaintiff had not yet substantially performed the work contemplated by the contract; (3) the plaintiff had been working on an adjacent lot and gave priority to that project, thus neglecting the work that he was supposed to perform for the defendant; (4) the defendant paid the CT Page 11354 plaintiff $8,500; (5) the last day upon which the plaintiff worked on the defendant's property was October 28, 1995, when the last fill was delivered; (6) even if the plaintiff's brother was on the premises after that date and in November, 1995, he was there only after the plaintiff's employment had been terminated; (7) the defendant paid $16,500 to another contractor to finish the work that the plaintiff was obliged to perform; (8) the trespass by the plaintiff on the neighbor's property was more likely caused by the defendant's inaccurate marking of the property line than by any other cause; and (9) the plaintiff's filing of a mechanic's lien in an incorrect amount was not the result of any willful misrepresentation on the part of the plaintiff.
The attorney trial referee concluded, on the basis of the above findings of fact, that: (1) the plaintiff was not entitled to a foreclosure of its statutory lien, which was filed on February 14, 1996, because the lien was not filed in accordance with General Statutes § 49-34, i.e., within ninety days after ceasing work; (2) the plaintiff breached the contract with the defendant because he failed to perform the work in a timely fashion, and hence was not entitled to any recovery of damages; (3) since the defendant paid $8,500 to the plaintiff and $16,500 to the contractor that was hired to finish the work, there was no evidence of damages presented because these two sums total approximately the contract price agreed upon by the parties; and (4) the defendant did not sustain his burden of proof that the trespass by the plaintiff on the neighbor's property and the incorrect amount on the mechanic's lien caused him to be damaged. The referee recommended that a foreclosure of the mechanic's lien not enter, and that the defendant not recover on his counterclaim.
The plaintiff did not move to correct the report as authorized by Practice Book § 438. The plaintiff also did not file exceptions to the report as authorized by Practice Book § 439. He did, however, file objections to the report dated July 8, 1997, pursuant to Practice Book § 440. In these objections, the plaintiff contends that the referee erred in failing to find that the plaintiff was on the site on November 22, 1995, in the presence of the defendant, and hence that the mechanic's lien was filed in a timely manner.
This court's scope of review of an attorney trial referee's report regarding the facts of a given case, was reiterated by the CT Page 11355 Supreme Court in Elgar v. Elgar, 238 Conn. 839, 848-49,679 A.2d 937 (1996), that: "[a] reviewing authority may not substitute its findings for those of the trier of the facts. This principle applies no matter whether the reviewing authority is the Supreme Court . . . the Appellate Court . . . or the Superior Court reviewing the findings of . . . attorney trial referees. See Practice Book § 443 . . . . The factual findings of a [trial referee] on any issue are reversible only if they are clearly erroneous. . . . [A reviewing court] cannot retry the facts or pass upon the credibility of the witnesses. . . . A finding of fact is clearly erroneous when there is no evidence in the record to support it . . . or when although there is evidence to support it, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed." (Citations omitted; internal quotation marks omitted.) See alsoTDS Painting and Restoration, Inc. v. Copper Beach Farm, Inc.,45 Conn. App. 743, 751, 699 A.2d 173, cert denied, 243 Conn. 908, ___ A.2d ___ (1997).
Thus, according to Elgar v. Elgar, supra, 238 Conn. 845, this court generally has two tasks to perform in reviewing an attorney trial referee's report. The first is to determine whether the "referee's findings of fact were supported by the evidence." Id. The second task is to ascertain whether "the conclusions drawn therefrom were legally and logically correct."
The plaintiff did not file a motion to correct or exceptions to the report, Thus, the referee's factual findings must stand uncorrected. "[F]iling exceptions seeking corrections by the court preserves the excepting party's rights in this regard . . . . A party's failure to conform to this procedure limits the reviewing court to determining whether the subordinate facts found by the attorney referee were sufficient to support the referee's ultimate factual conclusions." BlessingsCorporation v. Carolton Chronic Convalescent Hospital, Inc.,7 Conn. App. 364, 367, 508 A.2d 829 (1986); Practice Book § 439.
Moreover, as to the filing of objections by the plaintiff, "[s]ection 440, however, cannot be used to attack findings of fact." Iroquois Gas Transmission System v. Mileski,43 Conn. App. 47, 52, 682 A.2d 140
(1996). "Absent such a motion [to correct] and a subsequent exception to the report, the trial court, in ruling on the objection, [is] limited to determining whether the subordinate facts were sufficient to support CT Page 11356 the ultimate factual conclusions." (Internal quotation marks omitted.) Id., 51.
The referee found as a fact that the last day on which the plaintiff worked at the subject premises was October 28, 1995. General Statutes § 49-34 explicitly states that a mechanic's lien must be filed within ninety days after work ceased. The filing date of February 14, 1996, therefore, was too late. Thus, "the subordinate facts were sufficient to support the ultimate factual conclusions." Iroquois Gas Transmission System v.Mileski, supra, 43 Conn. App. 51.
The plaintiff presented testimony that work was performed at the subject premises after October 28, 1995. The referee, however, chose to believe testimony to the contrary presented by the defendant. "In making this explicit factual determination, the attorney trial referee implicitly found certain witnesses to be credible and believable in their testimony. This was precisely his function as a fact finder. The resolution of conflicting factual claims falls within the province of the trial court."Nor'easter Group, Inc. v. Colossale Concrete, Inc.,207 Conn. 468, 473, 542 A.2d 692 (1988).
Accordingly, judgment hereby enters in favor of the defendant as to the plaintiff's complaint seeking a foreclosure of his mechanic's lien, which lien is ordered discharged of record. Judgment also enters in favor of the plaintiff with regard to the defendant's counterclaim.
So Ordered
Dated at Stamford, Connecticut, this 24th day of November, 1997.
William B. Lewis, Judge