SUPPA BROTHERS, INC. *v.* STRUCTURES, INC.
(4994)

BORDEN, DALY and O'CONNELL, Js.

Argued September 30—decision released December 1, 1987

*William F. Gallagher,* with whom, on the brief, were *LeRoy Jones* and *Robert P. Borquez,* for the appellant (plaintiff).

*Alvin M. Murray,* for the appellee (defendant).

O'CONNELL, J. The plaintiff appeals from the judgment rendered, in a contract dispute, for the defendant on the defendant's counterclaim. We find no error.

The plaintiff brought this action alleging breach of contract, monies owed under the doctrine of quantum meruit and wrongful waiver of a mechanics' lien. The contract in question concerned excavation work to be performed by the plaintiff at the defendant developer's residential project in Cheshire (the Cheshire contract). The Cheshire contract was signed by the parties on or about August 3, 1983.

The defendant counterclaimed, alleging, inter alia, that the plaintiff breached a February 4, 1984 contract for road and drainage work on a separate project in East Haven (the East Haven contract), and that it was owed damages resulting from that breach.

The attorney trial referee who heard the matter awarded the plaintiff $10,101.09 damages on the complaint, and awarded the defendant $71,998.50 in damages on its counterclaim. The trial court rendered judgment in accordance with the referee's findings. On appeal, the plaintiff alleges that the trial court erred (1) in finding that the "monetary disagreements" of the parties were insufficient justification for the plaintiff's breach of the East Haven contract, and (2) in basing its assessment of the defendant's damages upon estimated costs rather than actual expenses. Additionally, the plaintiff contended at oral argument that the issue of justification for repudiation of the East Haven contract was an issue of law, not fact, and accordingly was not subject to the rules of practice concerning attorney trial referee reports. We disagree and find no error on any of the three claims.

I

Addressing first the plaintiff's claim made at oral argument, we note that the referee found that the plaintiff's "monetary disagreements [with the defendant] on the Cheshire project . . . [do] not appear to be sufficient grounds for repudiating the [East Haven] con-

tract." Accordingly, the referee then found that the East Haven contract "was breached by the plaintiff without cause." It is a well settled principle of law that a renunciation or repudiation of a contract prior to performance allows the adverse party to treat the contract as breached and gives that party the right to institute an action for damages. 17 Am. Jur. 2d, Contracts § 449 (and cases cited therein). In such situations, "[t]he decisive question [is] whether the [plaintiff] had abandoned, and consequently breached, the contract. This [is] a question of fact." *M. Shapiro & Son Construction Co. v. Battaglia,* 138 Conn. 238, 244, 83 A.2d 204 (1951). It is also beyond dispute that the role of the attorney trial referee is that of factfinder. *Seal Audio, Inc.* v. *Bozak, Inc.,* 199 Conn. 496, 507–508, 508 A.2d 415 (1986). The above-quoted portions of the referee's report set forth the referee's conclusions regarding a question of fact, not law. By accepting the referee's report and rendering judgment in accordance with his recommendation, the trial court accepted the referee's conclusions of fact. Because the defendant " 'filed no [timely] exceptions to the acceptance of the report by the court in accordance with Practice Book [§ 440] . . . the conclusions must stand.' " *Seal Audio, Inc.* v. *Bozak, Inc.,* supra, 518, quoting *Jensen's, Inc.* v. *Killingworth,* 152 Conn. 237, 243, 206 A.2d 114 (1964).[1] The plaintiff cannot circumvent procedural

---

[1] "[Practice Book § 440.] OBJECTIONS TO ACCEPTANCE OF REPORT. A party may file objections to the acceptance of a report on the ground that conclusions of fact stated in it were not properly reached on the basis of the subordinate facts found, or that the committee erred in rulings on evidence or other rulings or that there are other reasons why the report should not be accepted.

"If an objection raises an issue of fact the determination of which may require the consideration of matters not appearing in the report or stenographic notes of proceedings before the committee, the adverse party shall, within two weeks after the filing of the objection, plead to it by a motion to strike, answer or other proper pleading."

time prerequisites merely by framing a factual dispute as an issue of law.[2]

## II

Concerning the two claims addressed in the plaintiff's brief, we once again note that our review of a matter heard by an attorney trial referee is strictly limited when, as here, the plaintiff failed to file timely exceptions, objections or motions to correct the referee's report. Such failure precludes an attack upon the subordinate factual findings contained in the report or the conclusions based thereon. See generally *Seal Audio, Inc.* v. *Bozak, Inc.,* supra, 518; *J. M. Rosa Construction Co.* v. *New Haven Redevelopment Agency,* 9 Conn. App. 481, 485, 519 A.2d 1227 (1987); *Kowalsky Properties, Inc.* v. *Sherwin-Williams Co.,* 7 Conn. App. 136, 140, 508 A.2d 43 (1986). In this case, the referee filed his report on January 21, 1986. On January 31, 1986, the plaintiff filed a motion for extension of time to file an objection to the referee's report. This motion was denied by the trial court on February 4, 1986. On February 7, 1986, the plaintiff filed a motion to correct the report, which filing was three days beyond the two week period mandated by Practice Book § 438.[3] On February 19, 1986, the plaintiff filed an objection to the acceptance of the referee's report, which likewise was untimely.

Because we conclude that all claims of error address matters of fact, and because the plaintiff did not timely

[2] A review of the plaintiff's untimely objection does not disclose that the plaintiff objected, at that point in the proceedings, to the trial referee's failure to characterize the sufficiency of the grounds for repudiation as a legal rather than factual issue.

[3] Practice Book § 438 provides in pertinent part that "[i]f either party desires to have the report or the finding corrected . . . he shall within two weeks after the filing of the report or finding file with the court a motion to correct setting forth the changes and additions desired by him."

file proper motions attacking the referee's findings, we will not review further the acceptance of the report by the trial court. " 'A litigant cannot wholly ignore established procedures for the protection of its rights, as this [plaintiff] has done, and hope to receive on appeal the same treatment accorded to those who follow the rules of practice.' " *Ross* v. *Renzulli,* 9 Conn. App. 87, 90, 516 A.2d 149 (1986), quoting *Seal Audio, Inc.* v. *Bozak, Inc.,* supra. We therefore decline to review further the judgment of the trial court.

There is no error.

In this opinion the ther judges concurred.