[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
FACTS
On December 1, 1994, the plaintiff, Macey Noyes Associates, Inc., filed a five count revised complaint in breach of oral and written contract, material misrepresentation, unjust enrichment and violation of the Connecticut Unfair Trade Practices Act (CUTPA), against the defendant, RMED International, Inc. (RMED). The plaintiff alleges that it entered into a contract with the defendant to design graphics for the defendant's "Tushies" diaper package in consideration of a fee of $50,000. The plaintiff further alleges that the $50,000 fee was to be paid in three installments of cash equaling $25,000, and a final installment of 25,000 shares of negotiable RMED stock with a CT Page 5114-JJ minimum value of one dollar per share upon the turnover of the art. The plaintiff also alleges that the final payment of stock was renegotiated to a payment of 50% cash and 50% stock. The plaintiff now alleges that the plaintiff made the first three installments equaling $25,000 but has failed to make the final payment.
The defendant filed an answer and counterclaim on March 2, 1995. Its counterclaim, alleges that the plaintiff was obligated for the complete package development, and that later the plaintiff informed the defendant that an independent separator would have to be retained. The defendant further alleges that the plaintiff recommended Raster Arts, Inc. (Raster) to perform the separation services, without the solicitation of other bids, and that the plaintiff failed to supervise Raster's work which resulted in additional costs and delay, which in turn caused the loss of business opportunities and revenues. The defendant also alleges that such acts constituted negligence by the plaintiff and were in violation of CUTPA.
This action was tried before attorney trial referee Robert B. Bellitto on February 21, 1996, who filed his report on April 29, 1996. The referee found the following facts: Plaintiff is a graphic design company retained by the defendant to design packaging for a diaper product manufactured and marketed by the defendant known as "Tushies"; a written agreement dated August 10, 1993, was entered into framing the terms of the agreement; in consideration of the services rendered by the plaintiff, the defendant agreed to pay $50,000 plus out of pocket expenses, with the first $25,000 to be paid in three equal cash installments, and the final payment was to be paid in $25,000 cash or in 25,000 shares of stock, having a minimum value of one dollar per share, at the option of the defendant; that the defendant paid the first $25,000, plus out of pocket expenses, but refused to pay the remaining $25,000 plus out of pocket expenses of $1,561.83; that in 1990, the parties entered into a similar agreement which was fully completed by both parties; that the previous contract did not require the plaintiff to provide separation services, that the present contract did not require the plaintiff to provide separation services; that the defendant paid Raster for its services as separator; and that the defendant has utilized the plaintiff's design for its packaging. The referee concluded that the plaintiff is entitled to payment in cash for the $25,000, plus out of pocket expenses CT Page 5114-KK of $1,561.83, as the defendant cannot satisfy its obligation by issuing stock to the plaintiff. The referee determined that the plaintiff is entitled to 10% interest per annum on the amount of $26,561.83, commencing on December 20, 1993, until paid in full. The referee denied attorney's fees, and found that there were no violations of CUTPA by either party. The referee recommended that judgment enter in favor of the plaintiff for $26,561.83 plus interest, as well as on the defendant's counterclaim.
The defendant filed a motion to correct on May 10, 1996, which corrections were denied by the referee on June 24, 1996. The defendant filed an objection to the acceptance of the referee's report on July 9, 1996, to which the plaintiff objected in a motion dated July 17, 1996.
"The trial court is authorized to render whatever judgment appropriately follows, as a matter of law, from the facts found appropriately follows, as a matter of law, from the facts found by the attorney trial referee. . . . In a matter heard before an attorney trial referee, the trial court's nondelegable duty to render judgment turns on its ability to determine the facts found by the attorney trial referee. If the court finds material errors in the attorney trial referee's factual findings, it may, under those circumstances, order further proceedings." National Elevator Industry v. Scrivani, 31 Conn. App. 728,732-33, 626 A.2d 1332 (1993), rev'd on other grounds,229 Conn. 817, 644 A.2d 327 (1994). The attorney trial referee has a broad discretion to try facts and pass upon the credibility of witnesses. Argentinis v. Gould, 23 Conn. App. 9,16, 579 A.2d 1078 (1990), modified, 219 Conn. 151, 592 A.2d 378
(1991). "An attorney referee is a factfinder whose determination of the facts is reviewable in accordance with the rules of practice found in Practice Book § 428 through § 444. . . . If a party wishes to have the facts added to or corrected, or to have a ruling on evidence set forth, he must file a motion to correct the report which is then acted upon by the referee. . . . If the referee does not make the requested change, the moving party may file an exception seeking to have the court correct the report. . . . The court will not consider an exception unless its subject matter has been submitted to the referee. . . . A party may file objections to acceptance of the report on the grounds that conclusions of fact stated therein were not supported by the subordinate facts found, or that the referee erred in his rulings." Bernard v. Gershman, 18 Conn. App. 652,654-55, 559 A.2d 1171 (1989). "Where legal CT Page 5114-LL conclusions are challenged, the court must determine whether they are legally and logically correct and whether they find support in the facts found by the referee. . . . Where evidence is in conflict, its probative force is for the trier of fact to determine." Id., 656.
The defendant has not filed any exceptions to the referee's report which "precludes an attack upon the subordinate factual findings contained in the report or the conclusions based thereon." Suppa Brothers, Inc. v. Structures, Inc., 12 Conn. App. 675,678, 533 A.2d 901 (1987). Also, the defendant's failure to file a transcript of the proceedings pursuant to Practice Book § 439, makes it impossible for the court to evaluate the findings of fact challenged by the defendants.Midrange Business, Inc. v. Cayton, Superior Court, judicial district of Fairfield at Bridgeport, Docket No. 312401 (September 28, 1995, Ford, J.); Cunningham v. McEvoy, Superior Court, judicial district of Stamford/Norwalk at Stamford, Docket No. 121399 (August 24, 1995, Lewis, J.).
"The trial court, however, is not bound by the legal conclusions of an attorney trial referee. Practice Book § 443 provides in relevant part that [t]he court shall render such judgment as the law requires upon the facts in the report as it may be corrected. The views of [an attorney trial referee] upon the law carry no more force than those of the parties in their arguments at the hearing before the court that is to enter judgment. . . . The reviewing court is the effective arbiter of the law and the legal opinions of [an attorney trial referee], . . . carry no weight not justified by their soundness as viewed by the court that renders judgment." CMG Realty ofConnecticut, Inc. v. Colonnade One at Old Greenwich Ltd.Partnership, 36 Conn. App. 653, 664, 653 A.2d 207 (1995).
The defendant contends that the referee incorrectly interpreted the contract between the parties by determining that separator services were not encompassed within such agreement.
"It is the general rule that a contract is to be interpreted according to the intent expressed in its language and not by an intent the court may believe existed in the minds of the parties. . . . When the intention conveyed by the terms of the agreement is clear and unambiguous, there is no room for construction. . . . [A] court cannot import into [an] agreement a different provision nor can the construction of the agreement CT Page 5114-MM be changed to vary the express limitations of its terms."Levine v. Massey, 232 Conn. 272, 278, 654 A.2d 737 (1995). In this case, the referee determined that the "contract did not refer to or require the Plaintiff to provide for separation services." "Absent . . . definitive contract language, the . . . interpretation of a contract, being a determination of the parties' intent, is a question of fact . . . ." Tremaine v.Tremaine, 235 Conn. 45, 57, 663 A.2d 387 (1995). "When . . . a contract provision is ambiguous . . . a question of fact is involved." Bank of Boston Connecticut v. Avon MeadowAssociates, 40 Conn. App. 536, 540, 671 A.2d 1310, cert. denied,237 Conn. 905, ___ A.2d ___ (1996). The referee's determination that the contract did not refer to separation services makes the construction of the contract one of fact within the province of the referee.
The defendant also argues that under the contract it has the option of paying the remaining $25,000 in shares of negotiable stock worth a minimum of one dollar per share. The defendant further argues that the issue of negotiability was testified to at the proceeding, and that it is up to this court to determine the credibility of the testimony. The credibility of witnesses is a matter within the discretion of the referee.Argentinis v. Gould, supra, 23 Conn. App. 16. The referee concluded that the defendant did not have the option to pay the plaintiff in stock at this time because, based upon the testimony at the hearing, "there may still be restrictions upon the plaintiff's ability to negotiate said stock." As credibility is within the discretion of the referee, this court must defer to the referee's finding of fact regarding the negotiability of the stock. Accordingly, judgment should enter in accordance with the recommendation of the attorney trial referee in favor of the plaintiff.
BY THE COURT,
GROGINS, JUDGE