[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
This action was tried before an attorney trial referee, Madeline F. Grossman on March 6 and April 9, 1996, and who filed her report on July 3, 1996. The referee found the following facts: Plaintiff owner of Riverside Deli in Milford, Connecticut and leased the premises from TKM Associates. In December 1994, plaintiff put his business on the market. During a meeting at CT Page 5256-CCCC the end of December, he and the defendants agreed on a purchase price of $18,000.00. After this meeting, plaintiff and defendants met with the landlord, which agreed to release plaintiff from his lease and execute a new lease with defendants. A new lease was prepared and signed by the defendants in January effective February 1, 1995. Plaintiff's lawyer prepared documents to reflect the parties' oral agreement which were sent to defendants' counsel on January 23, 1995, and a closing scheduled for January 31, 1995.
On January 28, 1995, at the request of the defendants, plaintiff delivered key to the deli to them and requested plaintiff to allow them to take occupancy for renovations which were performed by Mr. Drougas and a friend.
On January 29, 1995, plaintiff, defendants, and two other individuals met at the deli. At that time a Mr. Tournas, purporting to know the restaurant business and acting for the defendants, told plaintiff the price of $18,000.00 was too high and defendants would not pay it. He offered $5,000 for the business. He also told plaintiff if not accepted to remove his property from the deli as the defendants held the lease. On February 2, 1995, the plaintiff formally surrounded possession of the deli. At the landlords' request the defendants paid the plaintiff, $2,100 as a return of his security deposit. The defendant offered to pay plaintiff $4500 for a stainless steel hood which plaintiff rejected. He sold the removable portion for $350 and realized a total of $4,700 for the items he sold.
After February 2, 1995 and at the time of trial, the defendants operated the deli. The attorney trial referee concluded the plaintiff had fully performed under the oral agreement including turning over the going business, good will, equipment, furniture, fixtures and inventory. That the plaintiff after the breach, mitigated damages to the sum of $4,700.00. That the plaintiff could have further mitigated damages by selling the hood to defendants resulting in an additional recovery of $4,150.00. Accordingly, the plaintiff was entitled to recover $9,150.00 representing the $18,000.00 contract price less mitigated damages realized or which should have been realized in mitigation.
The trial court is authorized to render whatever judgment appropriately follows, as a matter of law, from the facts formed by the attorney trial referee. . . In a matter heard before an CT Page 5256-DDDD attorney trial referee, the trial court's nondelegable duty to render judgment turns on its ability to determine the facts found by the attorney trial referee.
If the court finds material errors in the attorney trial referee's factual findings, it may, under those circumstances, order further proceedings." National Elevator Industry v.Scrivani, 31 Conn. App. 728, 732-33, 626 A.2d 1332 (1993), rev'd on other grounds, 229 Conn. 817, 644 A.2d 327 (1994). The attorney trial referee has a broad discretion to try facts and pass upon the credibility of witnesses. Argentinis v. Gould,23 Conn. App. 916, 579 A.2d 1078 (1990), modified, 219 Conn. 151,592 A.2d 378 (1991). "An attorney referee is a factfinder whose determination of the facts is reviewable in accordance with the rules of practice found in Practice Book § 428 through § 444 . . . If a party wishes to have the facts added to or corrected, or to have a ruling on evidence set forth, he must file a motion to correct the report which is then acted upon by the referee. . . If the referee does not make the requested change, the moving party may file an exception seeking to have the court correct the report. . . . The court will not consider an exception unless its subject matter has been submitted to the referee. . . . A party may file objections to acceptance of the report on the grounds that conclusions of fact stated therein were not supported by the subordinate facts found, or that the referee erred in his rulings." Bernard v. Gershman, 18 Conn. App. 652,654-55, 559 A.2d 1171 (1989. "Where legal conclusions are challenged, the court must determine whether they are legally and logically correct and whether they find support in the facts found by the referee. . . . Where evidence is in conflict, it probative force is for the trier of fact to determine." Id., 656.
The defendant has not filed any exceptions to the referee's report which "precludes an attack upon the subordinate factual findings contained in the report or the conclusions based thereon." Suppa Brothers, Inc. v. Structures, Inc., 12 Conn. App. 675,678, 533 A.2d 901 (1987). Also, the defendant's failure to file a transcript of the proceedings pursuant to Practice Book § 439, makes it impossible for the court to evaluate the findings of fact challenged by the defendant.Midrange Business, Inc. v. Cayton, Superior court, judicial district of Fairfield at Bridgeport, Docket No. 312401 (September 28, 1995, Ford, J); Cunningham v. McEvoy, Superior Court, judicial district of Stamford/Norwalk at Stamford, Docket CT Page 5256-EEEE No 121399 (August 24, 1995, Lewis, J.).
Absent of a motion to correct and a subsequent exception, the trial court, in ruling on the objection, is limited to determining whether the subordinate facts were sufficient to support the ultimate factual conclusions." Ruhl v. Fairfield,
supra 5, Conn. App. 106.
Our Supreme Court has stated "[i]n the absence of a motion to correct the report or an objection to its acceptance because the facts had been improperly found, we examine those facts solely to determine whether the referee's findings were clearly erroneous." Jacobs v. Healey Ford-Subaru, Inc., 231 Conn. 707,727-28, 652 A.2d 446 (1995).
Accordingly, this court finds that the facts found by the attorney trial referee must be sustained and its conclusions warranted.
For these reasons, judgment will enter in favor of the plaintiff to recover the sum of $9,150.00 plus costs of suit.
BY THE COURT
GROGINS, JUDGE